## ANDREWS WILCOX v. EMILY J. NEY.

*Examination and re-examination of witnesses—Responsive answers.*

A proper question to a witness cannot be made improper by the statement of irresponsive and objectionable matter in reply.

In an action on an oral contract it is proper for plaintiff to show whether the other party thereto, in a conversation had at the time it was made, said anything as to his general manner of dealing with other people.

Where defendant by cross-examination draws out a partial statement of facts only, the plaintiff's counsel may re-examine as to the same subject-matter for the purpose of making the facts clear and obtaining such as are material.

Error to Jackson.    Submitted Jan. 4.    Decided Jan. 11.

ASSUMPSIT.    Defendant brings error.    Affirmed.

*Gibson, Parkinson & Ashley* for plaintiff in error.

*G. T. Gridley* for defendant in error.

MARSTON, J.    The parties to this suit, by a contract in writing, dated Oct. 30, 1874, agreed, Wilcox as first party, to sell certain lands to Ney, the party of the second part, $300 to be paid at the date of the contract and $300 each year thereafter until the whole sum, $1800, should be paid with interest.    The first payment and part of the second, amounting in all to $500, were made, when an oral agreement was entered into that the vendor should repay the sums so paid as soon as he could sell the place, and in consideration thereof she should surrender up possession of the premises.    This she did, and afterwards brought this action to recover upon such oral agreement.    She received a judgment and the case comes here on writ of error.

The first error assigned is upon the question asked the witness Elisha Ney, "Did he—defendant—say anything as to his general manner of dealing with other people?"    Counsel for plaintiff in error say this conversation was at or about the time the original contract of sale was made, and base an argument upon such assumed fact.    This may be true as assumed, but the record not only fails to show such to have been the fact but clearly shows the contrary.    The witness had been testifying about the oral contract of surrender,—what was said by the respective parties,— and the question asked would seem to have related thereto and not to the time at or preceding the making of the written agreement.    The answer shows that the witness so understood the question; adding thereafter, "He said that at the time we took the place, the contract, and he said it afterwards."    This was not responsive to the question and had a motion been made to strike it out, no doubt such a motion would have been granted.    The question, however, being proper,

could not be rendered erroneous by the statement of objectionable matter as responsive thereto.

The next error assigned relates to a question asked the same witness, viz.: "What did you do with reference to the farm for the year or so. following the time you got back the deed?" The answer to which was, "I let the man stay on the place a year without rent; that was a part of the consideration." It is here argued by counsel for plaintiff in error, that this question was foreign to the issue; that the defendant below could not have anticipated such an inquiry; that the object was to excite sympathy for the plaintiff as she owned the farm referred to, which was in Oceana county, and had no connection with the lands sold by Wilcox to the plaintiff below.

*Prima facie*, the position thus taken by the plaintiff in error would be considered as correct.

When, however, we turn to the record we find that the parties, without objection, had referred to the Oceana county lands and the mortgages thereon quite fully, as the plaintiff below had endeavored to turn these mortgages out to the defendant, and had relied upon payment thereof to enable her to meet her payments upon the lands purchased from the defendant. This witness upon direct examination by counsel for plaintiff in the court below was not asked any question touching the Oceana county land or mortgages thereon. Upon cross-examination counsel for defendant made very full inquiry in reference thereto, as to the value of the lands, the mortgages, the steps taken to foreclose the same, his discontinuing the proceedings and taking back the land.

When the question objected to was asked, in reply to an inquiry by the court as to the object of the question counsel for plaintiff answered, "It has been inquired about how all that property was taken, and what it has been sold for, and in regard to what he lost there." Whereupon counsel for defendant answered, "That was simply for the purpose of determining the value of the security," when counsel for plaintiff farther said he wished to show that possession of

the place for one year was also given as a part of the consideration for surrendering the property.

It is therefore apparent that the course of inquiry entered upon by counsel for defendant upon cross-examination of the plaintiff's witness gave to the plaintiff the right upon re-examination to ask other questions in reference to the same subject-matter for the purpose of making the same clear. Counsel for defendant could not upon cross-examination draw out a part and then preclude the plaintiff from getting such as was deemed material to her case.

After a careful examination of the entire record I cannot discover any error of which this plaintiff can justly complain. No error appearing the judgment must be affirmed with costs.

The other Justices concurred.