## The People v. Minnie Bielfus.

*Burglary—Breaking and entering in the night time—When so charged, becomes a necessary element of the crime, to be proved in order to convict —Failure of court to so instruct the jury, error—Larceny from the building, when must be proved—Treatment of witnesses by counsel on trial—Failure to lay before the jury some of the important elements of the crime, fatal to conviction.*

1. In a case of statutory burglary, where the breaking and entering is charged to have been committed in the *night time,* such averment became a necessary element of the crime charged without proof of which there could be no conviction, and the failure of the court to so instruct the jury, was a fatal omission.

2. Where, in such a case, there was no proof connecting respondent with the breaking and entering, but she was sought to be convicted by proof of having in her possession a portion of the goods charged to have been stolen from the building broken into, the court should have instructed the jury that in order to convict, they must find that the larceny charged was committed.

3. The use of improper and insulting language, to and about witnesses by the counsel on the trial of a criminal case, is a serious abuse which cannot be tolerated.

4. Where, upon the whole record, it is apparent that a criminal case has not been laid before the jury so as to bring out some of the important elements of the crime charged, for consideration, the conviction will be reversed.

Error to Osceola. (Judkins, J.) Argued January 28, 1886. Decided February 3, 1886.

Burglary. Respondent brings error. Reversed. The facts are stated in the opinion.

*Charles A. Withey* and *C. M. Beardsley*, for respondent.

*Moses Taggart*, Attorney General, for people.

CAMPBELL, C. J. Respondent was charged and convicted of breaking and entering in the night-time, on December 7, 1884, (which was Sunday) the millinery shop of Anna Conant at Reed City, in Osceola county, and stealing therefrom a large amount of goods. She was found guilty generally, which would include the stealing as well as the intent; and if the burglary was committed, and goods were taken, it is impossible to suppose they were not taken by the burglar. While burglary may be committed without larceny, it could not have been found properly by the jury here without finding both. This becomes important in considering the charge, which is excepted to.

All that appears in regard to the crime is that on Saturday evening the store was left in order. On Sunday it was seen in order in the afternoon. On Monday morning, at about seven o'clock, it was found that the back door was open, apparently by prying with a chisel; and, according to Miss Conant's story, a very large number of articles, worth some $400, had disappeared.

There is no testimony of any search about the premises for tracks or other indications which might lead to discovery. So far as the record shows, no effort was made by officers or other persons to search it out while fresh. It was not until the following May, five months thereafter, that a search warrant was sued out, resulting in the discovery of a small number of articles in the hotel of defendant's husband, adjacent to the shop, which were articles of a similar nature to such as were in the shop, but most of which were only identified by such resemblance, being articles of commerce. The com-

plaining witness was quite positive in her opinions of identity. The defendant produced witnesses, in addition to her own testimony, which, if true, showed that most of the articles traced to her possession were purchased elsewhere. There was no testimony tending in any respect to show that defendant, at any time after the alleged burglary, ever had any more goods in her possession, although if she committed the offense she must have had a very large amount that it would be difficult to handle or conceal without detection.

When the case is scrutinized, it is plain that the whole testimony on which defendant was convicted consists of the fact that some articles were traced to her possession which she accounts for in one way, and which Miss Conant thinks were hers. It is a case of very meagre circumstantial evidence, in which the amount of facts unexplained and unexamined by the prosecution is remarkable; and one of the most remarkable facts is the failure to search for or to trace the large amount of goods claimed to have been stolen.

In such a case, justice requires that no element of the crime shall be left out of sight, and that the jury shall not convict without the clearest proof upon every one of those elements. In this case they were:

1. That defendant broke into and entered the shop.
2. That she did it in the night-time.
3. That she stole the stock of goods that were there.

As already stated, the larceny here was the only proof of the burglary. We find no other evidence of importance.

In presenting this case to the jury the court, in that portion of his charge which summed up the requisites, left entirely out of view the fact that the offense was charged as committed in the night-time. The jury were not required to find this fact at all, although probably the court supposed they would understand it. It was a necessary element of the crime, without which there could be no conviction. This was a fatal omission. There was nothing to show that the shop was necessarily broken open in the night, and the jury might not have found that established beyond a reasonable doubt. They were not compelled to find so by the charge.

The court did not call their attention to the necessity of finding a larceny of the stock of goods. If there had been any proof connecting defendant with a breaking and entering, proof of larceny of any article might have supplied the intent. But where the burglary could only be inferred from a larceny, the court should have called the jury's attention more closely to that subject. The charge practically told the jury that possession of goods was in itself of small weight without other circumstances. But those circumstances in this case all related to the possession, and it did not tell them that in the present case they could not convict unless clearly satisfied of the larceny; and, had this instruction been given, the failure to trace out the principal amount of goods charged to have been taken might have led to doubts whether there could have been so large an amount on hand, and, if so, whether defendant could have taken them all without discovery. Moreover, there is nothing pointing to the aid of accomplices.

A further difficulty connected with the same branch of the case is found in an apparent assumption by the court, though perhaps not so intended, that there was no question that some of Miss Conant's property taken away from the shop was traced to defendant's possession. This was not only disputed, but vital to the case as made; and there are some passages which there is some reason to hold, as defendant's counsel claim, indicated that defendant had some burden of proof which was not really upon her.

We are not disposed to discuss at length some of the other questions. We do not see how bad feeling between the parties bore on the question of burglary, especially as it was not shown that any recent demonstrations or threats tended that way.

The record shows a latitude of improper and insulting language to witnesses and about witnesses, and others which the circuit judge has certified his disapproval of; and it is gratifying to know that he has given every one to understand that such conduct must not be indulged in hereafter. It is a serious abuse, and cannot be tolerated.

It is difficult for us to understand what points were made most prominent on the trial, and some omissions may be due to the manner in which the issues were tried. But as the case comes before us, and upon all the testimony to explain it, we think that it was not laid before the jury so as to bring out some of the important elements for consideration. That the judge desired to present the case fairly is very manifest.

The judgment ·must be reversed, and a new trial granted, and the prisoner remanded to Osceola county to be committed until bailed, and that she be discharged from her present imprisonment.

The other Justices concurred.