## THE PEOPLE v. JAMES McGUIRE.

*Criminal law—Conduct of prosecutor—Requests to charge—Failure to except.*

1. The expressions of a public prosecutor regarding his belief in the guilt of an accused person have been passed upon in *People v. Quick*, 58 Mich. 322; *People v. Dane*, 59 Id. 550; *People v. Welch*, 80 Id. 616; *People v. Hess*, 85 Id. 128.

2. A new trial is granted in this case because of the neglect of the court to instruct the jury, upon the request of respondent's counsel, that they must not consider the belief of the prosecuting attorney, or his impression of the testimony, he having stated in his argument that "the defendant is entitled to the reasonableness of every doubt. I admit that; but, gentlemen of the jury, if I had any belief or any doubt that was reasonable in the face of this testimony, as your prosecutor, I would tell you so;"—to which statement exception was taken; which error can be taken advantage of although no exception was taken to the charge of the circuit judge as given (which did not refer to the subject-matter of the request); or to his neglect to give said request.

Exceptions before judgment from recorder's court of Detroit. (Chambers, J.) Argued November 12, 1891. Decided December 21, 1891.

Respondent was convicted of burglary. Conviction reversed and new trial granted. The facts are stated in the opinion.

*A. H. McDermott* (*J. Logan Chipman*, of counsel), for respondent.

*A. A. Ellis*, Attorney General, and *S. W. Burroughs*, Prosecuting Attorney, for the people.

MORSE, J. The respondent was convicted in the recorder's court of the city of Detroit of the crime of

burglary.   The case is brought here upon exceptions before sentence.

All the exceptions save one relate to the conduct of the prosecuting attorney upon the trial.   There are 12 assignments in all.   None of them have any importance except the eleventh and twelfth.   In the course of his argument the prosecuting attorney said:

"The defendant is entitled to the reasonableness of every doubt.   I admit that; but, gentlemen of the jury, if I had any belief or any doubt that was reasonable in the face of this testimony, as your prosecutor, I would tell you so."

The respondent's counsel requested the court to charge the jury that they must not consider the belief of the prosecuting attorney, or his impression of the testimony. The circuit judge did not give this instruction, and made no reference to the matter in his charge.

The expressions of a public prosecutor touching upon his belief in the guilt of an accused person have been passed upon by this Court in *People v. Quick*, 58 Mich. 322; *People v. Dane*, 59 Id. 550; *People v. Welch*, 80 Id. 616; *People v. Hess*, 85 Id. 128.   The remarks in this case come nearer to those of Mr. Casgrain in *People v. Hess, supra,* than to any other that have been called to our attention for review.   We held in that case that the prosecuting officer has the right to argue to the jury that the defendant is guilty from the testimony, and to state to them what evidence before them convinces him, and should convince them, of such guilt.

In *People v. Quick*, 58 Mich. 322, the prosecutor said to the jury that, as a man and a citizen, and under the solemnity of his official oath, he believed the witnesses for the defendant not only lied, but they had committed willful and deliberate perjury, and that the accused stole

89 MICH.—5.

the watch and hid it. This belief was not given as a deduction from the testimony. Held to be reversible error.

In *People v. Dane*, 59 Mich. 550, the prosecuting attorney said that he knew the accused was the man who took the money. This was held to be a statement to the jury of a fact, as of the prosecutor's own knowledge, which had not been introduced in evidence under the sanction of an oath, relating to the material issues in the case.

In *People v. Welch*, 80 Mich. 616, the two cases last above mentioned were commented upon, and the distinction, which is obvious, made between the language used in them and the remarks of Mr. Conely, which were made in explanation of the prosecutor's action in not asking a verdict for willful murder.

In the Hess case Mr. Casgrain said that, if he thought the evidence introduced was not sufficient to warrant a conviction, it would be his duty so to state to the jury, and that if, when a complaint came in, he thought there was sufficient evidence to warrant the taking of the complaint, he would be derelict in his duty, under his oath of office, if he did not prosecute. This was also explanatory of his official action and his official duty, and held not error.

It may be that Mr. Burroughs, the prosecuting officer in the present case, went further than was necessary in explanation of his action, although it is a fact that he had been severely criticised without much warrant by opposing counsel in regard to his conduct during the trial of the case. If he intended to impress his belief upon the jury to have weight with them in their determination, the language was improper, but if it was in explanation of his motive in the conduct of the case,

and so understood by the jury, it would come within the holding of this Court in the Welch and Hess cases. As said in the Hess case, the prosecuting attorney has the right to say that certain testimony in the case impresses him that the respondent is guilty, and to state why it makes this impression upon him. This is simply the right to place before the jury the logic of the testimony which leads him to the conclusion of guilt, and which he has the right to presume will lead them to the same conclusion. He also has the right to state to the jury that he stands unbiased between the people and the respondent. If he goes no further than this, he commits no error, because, if he believes that the testimony is inadequate for conviction, it is his duty to say so, and end the prosecution. The very fact that he submits the question to the jury and makes any argument in favor of the respondent's conviction must, in and of itself, inform the jury that he believes the evidence sufficient to warrant such conviction. But an expression of belief in the guilt of the accused, given in such a manner that the jury understand, or may understand, that such belief is based upon something that the prosecutor knows or has in his mind, outside of the evidence before them, and upon which alone they must act in coming to a verdict, would manifestly be improper.

The jury ought not to pay any regard to the belief or impressions of the prosecuting officer as to the guilt of the accused in any event. They should act upon their own impressions and belief, gained entirely from the evidence in the case. While they are authorized to give such weight to his argument and reasoning from the facts as to them seems just and reasonable in view of the whole evidence, the personal belief and convictions of the prosecutor should be entirely disregarded in the making up of the verdict. The request of the defendant's counsel

in this respect was proper, and should have been given.

It is claimed that there was no exception to the charge of the circuit judge as given, and no exception to his neglect to give the request upon this subject presented by defendant's counsel, and therefore the error cannot be taken advantage of in this Court. This contention would be correct if this were a civil action, but in a criminal case the rule, I think, is different. *People v. Murray*, 72 Mich. 10; *People v. Macard*, 73 Id. 15. The attention of the court was challenged to the remarks of the prosecuting attorney, and a request was asked for the express purpose of curing the evil effect of such remarks, upon the idea that such effect might be anticipated. The prosecuting attorney objected to such request. The failure of the court to give the instruction left the matter in a worse condition for the respondent than if it had not been asked. If these remarks, in the first place, had a tendency to unduly influence the jury, the making of this request in their hearing, the objection of the prosecutor to it, and the fact that it was entirely ignored by the court in the charge, would certainly increase such tendency, and might give the jury to understand that they might consider the belief and impressions of the prosecuting attorney in determining the guilt of the respondent.

As this is a case where the guilt of the respondent depends entirely upon the fact that he came over to Detroit from Windsor that evening, and was two or three hours in the city, and was seen during that time on the corner of the street where the building in which the burglary was committed is located, and testimony that he subsequently admitted his guilt, it cannot be considered, in my opinion, that no prejudicial error was committed in the refusal or neglect of the court to instruct the jury as requested.

We have held in a civil case—*Thorn v. Maurer*, 85 Mich. 569—that refusals to charge, not excepted to, will not be reviewed on error; but this does not apply to such a case as this. Under the circumstances of the case it was the duty of the court to give the request as made, and the respondent cannot be permitted to be prejudiced thereby because, in the heat of the trial, his counsel neglected to take a formal exception to the neglect of the court to charge as requested. His counsel had excepted to the language of the prosecuting attorney, and asked the circuit judge to correct it in his instructions to the jury. It was his duty to do so, and we have heretofore held that the neglect of the court in criminal cases to properly charge the jury upon a material point could be taken advantage of without an exception on the trial. *People v. Murray*, 72 Mich. 10; *People v. Macard*, 73 Id. 15.

We should not grant a new trial in this case had these remarks of Mr. Burroughs been passed unchallenged, or had the case stopped with only an exception to them. But when the court was distinctly asked to correct in his charge their effect upon the jury, and refused to do so upon the prosecutor's objection,—for the neglect to charge as requested was tantamount under the circumstances to a direct refusal,—the error is so manifestly prejudicial to the rights of the respondent that the conviction must be set aside, and a new trial granted, and it is so ordered.

The other Justices concurred.