THE STATE OF MISSOURI, Respondent, v. GEORGE KOLB, Appellant.

**St. Louis Court of Appeals, February 16, 1892.**

1. **Practice, Appellate:** CRIMINAL LAW. The statute (R. S. 1889, sec. 2253) which authorizes the filing of a printed abstract in lieu of a complete transcript on the appeal of a cause does not apply to criminal cases.

2. ——— : ——— : INSTRUCTIONS. The omission of a trial court by its instruction to the jury in a prosecution for a misdemeanor to require a finding that the misdemeanor was committed in the county in which the venue is laid, will not be ground for the reversal of a judgment of conviction, unless there is reason to conclude that the defendant may have been prejudiced by such omission.

3. **Criminal Law:** SUFFICIENCY OF EVIDENCE. The evidence is considered and *held* sufficient to establish the offense charged, viz., that the defendant had sold intoxicating liquors without license within the year preceding the indictment. It is also *held* that the evidence was insufficient to show that the date stated in the indictment as the time of the commission of that offense was material, on the ground that other prosecutions were pending against the defendant for similar offenses.

*Appeal from the Ripley Circuit Court.*—HON. H. N. PHILLIPS, Special Judge.

AFFIRMED.

*C. D. Yancey* and *J. C. Sheppard,* for appellant.

The court erred in giving and refusing instructions, and as to each instruction given and refused. In neither of the instructions given by the court are the jury told that they must find from the evidence that the offense was committed in the county of Ripley and state of Missouri. The venue must be laid in the county and state, of course, and must be proved as any other fact.

*State v. Cook*, 58 Mo. 546 ; *State v. McGrath*, 73 Mo. 181. In criminal cases the court must give all necessary instructions whether asked to do so or not, and it is error if the court fails to declare the whole law applicable to the case as made by the evidence. As the venue is a necessary and indispensable fact to be established in all criminal cases, it was clearly error to fail to instruct the jury as to it. *State v. Palmer*, 88 Mo. 568 ; *State v. Banks*, 73 Mo. 592 ; *State v. Branstetter*, 65 Mo. 149. The demurrer to the testimony should have been sustained, because no witness swore that the "liquor" bought (if bought at all) was intoxicating, or that it occurred within one year next before the finding of the indictment, two indispensable facts necessary to establish the guilt of the accused. *State v. Tessing*, 74 Mo. 72.

No brief filed for respondent.

THOMPSON, J.—The defendant was prosecuted under an indictment for selling liquor without a license, was found guilty, and sentenced to pay a fine of $110, to reverse which judgment he prosecutes this appeal. The indictment, by a misprision of the clerk, is omitted from the transcript, and we are, therefore, to conjecture as to what its terms were; for, although the printed abstract furnished us by counsel for the defendant sets out what purports to be the substance of the indictment, yet the statute ( R. S., sec. 2253 ), which authorizes the filing of printed abstracts of the record in lieu of a complete transcript in the supreme court and in this court, is found in the code of civil procedure, and does not apply to criminal cases. That the code of criminal procedure contemplates the filing of a complete transcript is shown by the provision of that code ( R. S., sec. 4297), which dispenses with assignments of error in criminal cases, but requires the appellate court to render judgment *upon the record.*

Perhaps, we might stop here and affirm the judgment in the absence of a proper record upon which any error can be predicated, but it will be more satisfactory to notice the objection raised by counsel for the appellant. The first is that neither of the instructions given by the court told the jury that they must find from the evidence that the offense was committed in the county of Ripley, state of Missouri. As the indictment is not in the record, we do not, of course, know what venue was laid; but the state, by the one witness which it offered, distinctly proved the selling by the defendant of one pint of whiskey in the county of Ripley, state of Missouri, and there does not appear to have been any dispute or question about the matter of venue. It is undoubtedly the law in this state that it is the duty of the trial court in criminal cases to give correct instructions covering the whole law arising from the facts, whether such instructions be asked or not. *State v. Banks*, 73 Mo. 592; *State v. Branstetter*, 65 Mo. 149; *State v. Palmer*, 88 Mo. 568. But no case has been cited to us where a conviction has been reversed, because the judge omitted to include in the instructions given the element of the venue. In the present case it is impossible to conceive that the jury could have been mistaken as to the venue, or that the failure to include this element in the instructions given could have prejudiced the defendant. This objection comes with ill grace from him, from the fact that in the instructions tendered by him, which were refused by the court, though obviously on other grounds, this same element of the venue was wholly omitted. We will not reverse the judgment in a misdemeanor case for such an omission, unless there is reason to conclude that the defendant may have been prejudiced by it.

It is said that the indictment laid the date of the offense as the thirty-first day of August, 1889, though the indictment not being in the record, we do not know that such was the fact. Assuming, for the purposes of

another of the defendant's objections, that such was the fact, we find that the single witness who testified for the state was unable to swear, and refused to swear, that he purchased any intoxicating liquors from the defendant *on that date.* But he did swear that he purchased a pint of liquor from him in July or August of that year. It is objected to the evidence of this witness that a day certain had been laid in the indictment, and that there had been several indictments returned into court, charging the defendant with the same offense; and the objection stated that the time being alleged in each of these indictments, and the offenses being the same, the time and day alleged became material as a distinguishing feature by which one charge might be separated from another, etc. In other words, the object of the objection was to bring the case within the ruling of this court in *State v. Wilson,* 39 Mo. App. 184. The objection wholly failed, from the fact that it was not proved that any other indictments were depending in the court against the defendant for the same or a similar offense. But the defendant did put in evidence eight other indictments for selling liquor without a license, and it was admitted that they had all been *nolle prossed.* For the same reason instruction, numbered 1, which was predicated upon this theory, was properly refused by the court.

Equally untenable is the argument that the demurrer to the evidence should have been sustained, because no witness swore that the liquor bought of the defendant was intoxicating liquor, or that the purchase took place within one year next before the finding of the indictment. *First,* as to whether there was evidence that the state witness bought *intoxicating* liquors from the defendant. The witness was asked: "Did you buy any intoxicating liquors from George Kolb at any time within one year next before the thirty-first day of August, 1889?" To which the witness answered: "I did buy some liquor from him, probably about a pint.

I could not say what I paid, probably the customary price. I do not remember the price. I think perhaps it cost fifty cents. This was in Ripley county, Missouri. It might be considered whiskey." Upon cross-examination the witness stated that it was about the latter part of August or July. "I cannot state what day or when I bought it. It might be considered whiskey or spirits." We think that this was sufficient to warrant the jury in finding a sale of intoxicating liquor, within the meaning of section 4595, Revised Statutes. What we have already said disposes of the other part of the objection as to the date being proved to have been within one year prior to the returning of the indictment.

No other substantial question having been presented for our consideration, and no error appearing on the record, it is ordered that the judgment of the circuit court be affirmed. All the judges concur.