## THE PEOPLE v. CORNELIUS GRANEY.

*Criminal law—Recorder's court of Detroit—Information—Presumption of innocence—Charge to jury.*

1. An information filed by the prosecuting attorney in the recorder's court of the city of Detroit need not be verified.

2. It must not be understood from the decisions in *People v. Murray,* 72 Mich. 10; *People v. Macard,* 73 Id. 25; and *People v. Potter,* 89 Id. 353,—that a judgment will be reversed in all cases where the jury are not informed in so many words that the presumption of innocence remains with the respondent until he is proven guilty.

3. A charge which states that the prosecution must satisfy the jury, beyond a reasonable doubt, of the respondent's guilt, and that the evidence should be plain and satisfactory in proportion as the crime is detestable (respondent being informed against for a crime against nature), and that the jury must acquit the respondent unless satisfied that his guilt has been strictly and impartially proven,—that it is true beyond a reasonable doubt,—informs the jury, in substance, that the presumption of innocence is with the respondent until the jury finds that he is proven guilty beyond a reasonable doubt; he being represented by counsel, whose requests to charge did not embrace one specifically covering such presumption of innocence, and the attention of the court not being called to its omission from the charge.

Error to recorder's court of Detroit. (Chambers, J.) Submitted on briefs May 6, 1892. Decided May 13, 1892.

Respondent was convicted of a crime against nature, under How. Stat. § 9292, and sentenced to imprisonment in the State prison for 10 years. Judgment affirmed. The facts are stated in the opinion.

*Joseph R. Nolan,* for respondent.

*A. A. Ellis,* Attorney General, and *Samuel W. Burroughs,* Prosecuting Attorney, for the people.

MORSE, C. J.   The respondent was convicted of a crime against nature, under section 9292 of Howell's Statutes, and sentenced to the State prison at Jackson for the term of 10 years.

It is objected that the information filed in the recorder's court of the city of Detroit, in which court respondent was tried, was not verified by the oath of the prosecuting attorney or any other person. The information was signed and filed by the prosecuting attorney. This is sufficient, under the law governing the recorder's court.

"Prosecutions in the recorder's court for crimes, misdemeanors, and offenses arising under the laws of this State, and within the jurisdiction of said court, shall be by information as provided for by statute: *Provided,* that in all cases where an information shall be filed against any person held for trial before said court it shall not be necessary that said information be verified by oath." Charter and Laws of City of Detroit, 1886, p. 145.[1]

It is also contended that the court erred in failing to instruct the jury that the defendant was presumed to be innocent until proven guilty, and the following cases are cited in support of this contention: *People v. Murray,* 72 Mich. 10; *People v. Macard,* 73 Id. 25; *People v. Potter,* 89 Id. 353.

In the present case the respondent was represented by counsel, who presented requests to charge to the court. It does not appear that such counsel requested any such instruction, or called the court's attention in any way to its omission so to charge the jury. The record does not show that the counsel for respondent was not fully

---

[1] Act No. 326, chap. 12, § 13, p. 639, Local Acts of 1883.

competent to preserve the rights of his client, and the judge told the jury that it was not for the respondent to prove his innocence. He also said.

"This is a very grevious offense. It is easily charged, and the negative of it is difficult to prove. The prosecution must satisfy you, beyond a reasonable doubt, of the defendant's guilt."

Also: "The evidence should be plain and satisfactory in proportion as the crime is detestable."

And again: "You must acquit the defendant unless you are satisfied, that his guilt has been strictly and impartially proven,—that it is true beyond a reasonable doubt."

We think that, in substance, the jury were informed that the presumption of innocence was with the respondent until the jury found that he was proven guilty beyond a reasonable doubt. It must not be understood from the decisions above quoted that a judgment will be reversed in all cases where the jury are not informed in so many words that the presumption of innocence remains with the respondent until he is proven guilty.

In *People v. Macard* the reason given why such a charge should have been given does not apply to the present case. There the killing was an admitted fact, and the defendant's guilt rested upon the circumstances, as they appeared to him, whether or not his act was justifiable in self-defense. In such a case the presumption of innocence was of great weight in his favor, because the natural feeling of many jurors, when a man is killed by another, is to regard it at once as felonious homicide, unless the defendant can show otherwise. The case was also reversed for other reasons.

In *People v. Murray* the respondent was not well defended in the circuit court; and it was held in this Court that, in the absence of requests to charge on the part of defendant's counsel, it was the duty of the trial

court to see that the presumptions of law in favor of the accused were clearly and properly laid before the jury.

In *People v. Potter* there were no requests to charge on behalf of the respondent, but his counsel excepted to the omission of the court to instruct the jury that the respondent was presumed innocent until proven guilty. It will thus be seen that the attention of the court was called to the omission.

The record shows no such exception in this case, although a number of exceptions were taken to the charge. We do not think the respondent in this case was prejudiced by the charge of the court, but are satisfied that it was eminently fair to him, and fully protected his rights.

It is also claimed that the information charged the crime to have been committed upon the person of one Peter Roland, and that this name was indorsed upon the information as one of the witnesses for the people, but that the proof showed the crime to have been committed upon the body of Peter Boland, who was sworn as a witness, without his name being placed upon the information. It is now claimed that the respondent should have been acquitted for this reason. We find in the record that this question was not raised in the court below in any way. It cannot be entertained here.

We find no error in the proceedings, and the judgment of the court below is affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.