## MAXEY MCMILLAN v. THE STATE.

### *No. 847.   Decided January 22nd, 1896.*

**1.   Assault With Intent to Murder—Practice as to Erroneous Charge.**

On a trial for assault with intent to murder, where it was error for the court to instruct at all upon the law of self-defense, and further error to instruct with reference to provoking a difficulty, in connection with the law of self-defense; and there was no exception reserved to these errors in the trial court. Held: In such case, the court, on appeal, will look to the charge as given, and the facts of the case; and will not reverse unless such errors in the charge were calculated to injure the rights of the appellant.

**2.   Same—Charge—Specific Intent.**

On a trial for assault with intent to murder, when the only issue was whether the assault was with intent to kill, a charge which explicitly instructed the jury that they could not convict unless the testimony established beyond a reasonable doubt that the assault was made with the specific intent to kill was correct and favorable to the defendant.

APPEAL from the District Court of Victoria. Tried below before Hon. S. F. GRIMES.

This appeal is from a conviction for assault with intent to murder, the punishment assessed being seven years' imprisonment in the penitentiary.

The case is fully stated in the testimony of the State's witness, J. A. Thornton, which is reproduced, as follows: "At the time of the difficulty, I was one of the guards of the county convicts working on the public road. We had been moving. I told them it was time to go to work. They all got up. I went to my team some fifteen steps from where defendant and Alec were. I heard them quarreling about some money. They had been throwing dice. I heard defendant tell Alec, if he didn't pay him he would cut him. Mr. Burns stopped them from quarreling, and told Alec to pay defendant, if he owed him anything. Alec paid him, and went to his team, which was in front of mine. I heard defendant say: 'I don't believe you think I would cut you.' Alec said: 'No, I do not.' Defendant rushed at Alec, and cut him. Alec ran; defendant followed, cutting at him. I told Mr. Burns to shoot him, and not let him cut Alec any more. About this time Alec

reached a pick lying in the road, and took it up. About this time Mr. Burns fired. Defendant stopped. Mr. Burns took the knife from defendant and carried him off to jail. I examined Alec's wound; found a gash across his left side about two or'three inches long. I could see the ribs. The gash was across two ribs. I told Alec to go and have his wounds dressed. He said no, he could go on with his work, and did so."

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was convicted of an assault with intent to murder, and his punishment assessed at seven years in the penitentiary. There is no evidence in the statement of facts requiring a charge upon self-defense, and none whatever requiring a charge upon manslaughter, upon the assumption that the wound proved fatal. The court, however, instructed upon self-defense and aggravated assault, upon the hypothesis that if the wound had proven fatal the homicide would have been manslaughter. As above stated, the facts demand no such charges. In regard to self-defense, the court submitted to the jury the doctrine of provoking the difficulty. This was error. But the main error committed by the court was in instructing the jury upon self-defense at all. There was no exception reserved to the charge of the court in regard to this matter. We look, then, to the charge as given, and the facts of the case, to determine whether this abstract erroneous charge was calculated to injure the rights of the appellant. We cannot perceive in what respect his rights were injured. The charge requested by appellant, so far as applicable to the facts of the case, was submitted to the jury in the main charge. The court explicitly instructed the jury that they could not convict of an assault with intent to murder, unless the testimony established the fact, beyond a reasonable doubt, that the assault was made with the specific intent to kill. This was the only issue in the case, viz: was the assault made with the intent to kill? The charge was very clear upon this point, and as favorable to the defendant as it could possibly have been written. The court also instructed the jury in regard to aggravated assault, if they should fail to believe that it was made with the specific intent to kill. The case demanded no other instructions, and this was sufficient. Judgment affirmed.

*Affirmed.*