THE STATE OF MISSOURI, Respondent, v. OTTO HEINZE, Appellant.

66  135
154m289

Kansas City Court of Appeals, April 6, 1896.

Criminal Law: PRESUMPTION OF INNOCENCE: INSTRUCTION. In a criminal case the trial court should give correct instructions on every substantial issue whether asked or not; but in this case it was not necessary to give a formal instruction as to the presumption of innocence since the same matter was substantially covered by another instruction.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*W. Rea Heath* for appellant.

(1) It is the duty of the trial court in criminal cases to give instruction covering the whole law. The

court failed to instruct the jury that it was presumed that the defendant was not guilty and from the evidence in this case the defendant was injured by the failure of the court in not giving said instruction. For this reason the case should be reversed. *State v. Kolb*, 48 Mo. App. 271; *State v. Palmer*, 88 Mo. 568; *State v. Nicholson*, 56 Mo. App. 412; *State v. Howel*, 100 Mo. 628; *State v. Minton*, 116 Mo. 605.

GILL, J.—The defendant was tried and found guilty of selling intoxicating liquors without procuring license as a dramshop keeper; and from a judgment imposing a fine of $40 he has appealed to this court.

It is complained that the trial court failed to instruct the jury to the effect that the defendant was presumed innocent until proof of guilt be established. We think there is no merit in this point. It is true— and it has been repeatedly decided in this state—that in criminal cases the trial court should give correct instructions on every substantial issue in the case, whether such instructions be asked or not. *State v. Kolb*, 48 Mo. App. 269, and cases cited. In this case the court did not declare, in so many words, that the defendant was *presumed* innocent and that it was incumbent on plaintiff to overthrow this presumption, yet, at the request of the defendant the jury was told: "That it is required by the state to prove *beyond a reasonable doubt* that the defendant did sell liquor as charged, that he took money for the same, and that if the jury believe that the state did not prove the same, they must find the defendant not guilty." This was sufficient and the defendant was not prejudiced by the failure to give an instruction on his presumed innocence.

On an examination of the record, we find ample evidence to sustain the verdict. The appeal is without merit and the judgment will be affirmed. All concur.