PEOPLE *v.* GRAY.

1. CRIMINAL LAW—VERACITY OF RESPONDENT—CROSS-EXAMINA-
     TION.
        A respondent in a criminal case who testifies in his own behalf
        is subject to the rules of cross-examination to test veracity
        applicable to ordinary witnesses; hence, having theretofore
        signed a liquor bond, the prosecution may prove by him,
        against the objection of irrelevancy, that he swore falsely as
        to his pecuniary responsibility. *People* v. *Pinkerton*, 79 Mich.
        110, distinguished.

2. SAME—STATEMENTS IN ARGUMENT—FAILURE TO EXCEPT.
        Statements made by counsel for the people in his argument
        before the jury, and claimed to be improper, will not be con-
        sidered on appeal unless exception was taken.

Error to Otsego; Sharpe, J. Submitted November 19,
1903. (Docket No. 236.) Decided February 2, 1904.

John Gray was convicted of having dynamite in his
possession with intent to destroy a dwelling house, and
sentenced to imprisonment for seven years in the State
prison at Marquette. Affirmed.

*W. S. Mesick* (*Alex. J. Groesbeck*, of counsel), for
appellant.

*Albert M. Hilton*, Prosecuting Attorney, and *W. L.
Townsend*, Assistant Prosecuting Attorney, for the peo-
ple.

CARPENTER, J.   Respondent was convicted in the circuit court of the offense of having "in his possession dynamite, with intent to willfully and maliciously destroy the dwelling house of one Arthur L. Morse, contrary to the statute" (section 11599, 3 Comp. Laws).   Respondent and one Lewis La Fever owned two saloons in the village of Vanderbilt, Otsego county, in this State.   These saloons were run in the name of Charles La Fever, son of respondent's partner, and respondent was one of the sureties on his·bond.   Said Arthur L. Morse was the village marshal of Vanderbilt, and it was the theory of the people that respondent hoped, by destroying Morse's house, to deter him from enforcing the liquor law.

Respondent became a witness in his own behalf, and on cross-examination the trial court permitted the prosecution, for the purpose of affecting his credibility, to prove that, as a surety on the bond heretofore mentioned, he swore falsely as to his pecuniary responsibility; and, in addressing the jury, counsel for the people argued that this testimony proved that respondent had committed perjury.   It is claimed that, in admitting this testimony and in making this argument, error was committed, to respondent's prejudice.   It is obvious that the argument was not improper if the testimony was admissible, and that we have, therefore, to consider only the question of its admissibility.

The testimony was objected to, not on the ground that respondent was compelled to testify against himself,—an objection which would be disposed of on very different reasoning from that applicable to this case (see *People* v. *Dupounce*, 133 Mich. 1 [94 N. W. 388]),—but on the ground that the testimony was incompetent and immaterial.   It was admitted solely for the purpose of affecting respondent's credibility as a witness.   It is insisted that the credibility of respondent as a witness in his own behalf cannot be attacked by proving from his own lips on cross-examination that he has committed other offenses than that for which he is being tried.   If this is true, some of the rules of cross-examination to test the veracity of wit-

nesses do not apply if the witness is a party charged with crime, for it is settled that, in the case of an ordinary witness, the cross-examination complained of was proper. See *Saunders* v. *People*, 38 Mich. 218; *People* v. *Arnold*, 40 Mich. 713. Is a respondent who testifies in his own behalf in a criminal case subject to the rules of cross-examination which apply to an ordinary witness? In support of the claim that he is not, respondent relies on the case of *People* v. *Pinkerton*, 79 Mich. 110 (44 N. W. 180). In that case the court said:

"Among other testimony which we think was improperly let in was the testimony of various persons who claimed that she made statements to them about her husband, who was not living in this house, and of her arrest many years before on a charge of prostitution. All testimony, even of conviction, and not merely of accusation, of crimes or misconduct not in issue, is improper. It raises false issues, and is likely to lead a jury to try the accused of what is not in the information. This doctrine is elementary, and has been too frequently held to need citations. Some of this testimony was subsequently stricken out; but the circumstances were as improper as the fuller testimony, and it cannot heal the error to strike out testimony once received under objections, if it has a serious tendency. This same remark will apply to misconduct not criminal; and, in a criminal case, we do not think it competent to compel respondent, who is a witness, to answer questions irrelevant to the issue, having a tendency to bring in other charges. Whatever latitude is proper in cross-examination to test veracity, it cannot properly introduce independent issues against the person who is both witness and respondent."

It is contended that the latter part of this language decides that you cannot prove, on the cross-examination of a respondent testifying in his own behalf, for the purpose of affecting his credibility, that he is guilty of another crime. We do not think that the court intended to make any such decision. In that case the prosecuting attorney, on the cross-examination of respondent, asked her if she was guilty of various charges, some of which were criminal and some not. She denied her guilt, and,

as appears from the opinion, other witnesses were permitted to contradict her.   In saying that it was not " competent to compel respondent   *   *   *    to answer questions   *   *   *    having a tendency to bring in other charges," and that " cross-examination to test veracity *   *   *   cannot properly introduce independent issues," the court was condemning the practice which, as appears from the opinion, was adopted in that case.   We are bound, therefore, to declare, notwithstanding that case, that the respondent in a criminal case who becomes a witness in his own behalf is subject to all the rules of cross-examination to test veracity applicable to ordinary witnesses.   See *People* v. *Howard*, 73 Mich. 10 (40 N. W. 789); *People* v. *Parmalee*, 112 Mich., at page 296 (70 N. W. 577); *People* v. *Ecarius*, 124 Mich., at page 623 (83 N. W. 628). We conclude, therefore, that there was no error in compelling respondent to answer the questions complained of, or in the argument of counsel based thereon.

It is claimed that counsel for the people made improper statements in his argument to the jury.   The record fails to show an exception to the most objectionable of these statements.   We find no reversible error in the statements to which exception was taken.

In our judgment, the conviction should be affirmed.

The other Justices concurred.