PEOPLE *v.* BROTT.

1. APPEAL AND ERROR—CRIMINAL LAW — SAVING QUESTIONS FOR REVIEW.
    Except as a matter of grace, where it is apparent that an injustice has been done, the Supreme Court will not, on appeal, reverse a conviction for an omission to charge the jury as to a point not presented by any request to charge, nor brought to the attention of the trial court by exception.

2. SAME—MOTION TO QUASH.
    On a motion to quash, first presented after a jury has been sworn, based on the ground of want of testimony before the examining magistrate, no error was committed in refusing to discharge the respondent.

3. SAME—BURGLARY—STATUTES.
    A conviction upon a charge of burglary, under 3 Comp. Laws, § 11547, will not be reversed for failure to charge the jury that they must find, in order to convict the accused, that the building which he entered was not adjoining to or occupied with a dwelling house; the evidence being clear upon the point, no request to charge covering it having been offered and no dispute as to the matter having been raised on the trial. BLAIR, J., dissenting.

Error to Osceola; Sessions, J., presiding. Submitted April 21, 1910. (Docket No. 134.) Decided November 11, 1910.

Walter Brott was convicted of breaking and entering in the nighttime, a store not adjoining to or occupied with a dwelling house, with intent to commit larceny. Affirmed.

*Howard F. Withey,* for appellant.

*Fred Trumbull,* Prosecuting Attorney, and *John E. Bird,* Attorney General, for the people.

HOOKER, J. The defendant was convicted upon a

valid information charging him with breaking and entering in the nighttime a store "not adjoining to or occupied with a dwelling house," with intent to commit the crime of larceny.

The testimony was abundant that the store was not adjoining to nor occupied with a dwelling house, and there was no testimony to the contrary, and there was no request to charge that it was essential that the jury investigate or find the fact as charged. It is contended in this court, apparently for the first time, that the testimony left the fact in doubt. We think otherwise, and the court might properly have so informed the jury.

The learned circuit judge instructed the jury as follows:

"In this case the people charge these respondents, Walter Brott and Fred Compton, together with Henning Hammer, with having on the 29th day of March last, in the nighttime, broken and entered the store of Walter Budge, with the intent then and there to commit the crime of larceny; that is to say, to steal, take, and carry away, and to convert to their own use, some of the property of Mr. Budge, then situated in that store. You will observe that there are several elements or ingredients in the offense charged against these respondents, and to warrant a conviction in the case you must find: (1) That these respondents did break and enter, or did assist in breaking and entering, the store of Walter Budge. (2) That the breaking and entering was in the nighttime, and that at that time they had the intent to commit the crime of larceny; that is, to steal some of the property in that store."

Error is assigned upon this charge upon the ground that it omits an essential element. It is urged, in support of this assignment, that it is the duty of the trial judge to instruct the jury regarding all essential elements of the case, and that this court should reverse a conviction although no request was made nor exception taken. We may concede the duty, without admitting the alleged consequence. We might perhaps (but do not) even say that the charge was erroneous in this particular without also admitting a right to reversal. The contention of the

defendant involves the proposition that there is a class of irregularities in the trial of a case which are exceptional in this: that as to such a defendant has a *right* to a review and reversal, without an exception, aside from those upon which the statute permits assignment of error, without exception, such as errors upon misstatements in the charge.

This court has often held that it will not review questions that have not been raised in the trial court, and such is the rule according to the great weight of authority. In *Driscoll* v. *People,* 47 Mich. 414 (11 N. W. 225), a case of homicide, Mr. Justice CAMPBELL, said:

"No specific instructions were asked, * * * and the court cannot be held to have erred in not giving them, so long as the charge actually given was not misleading."

This case was quoted and approved in *People* v. *Willett,* 105 Mich. 117 (62 N. W. 1115). In *People* v. *Waller,* 70 Mich. 239 (38 N. W. 262), a larceny case, error was assigned on the failure to define a "reasonable doubt." The court held that, not having requested it, the question would not be reviewed. In *People* v. *Warner,* 104 Mich. 337 (62 N. W. 405), a forgery case, we refused to review the omission to explain the meaning of the words "false and forged," and the failure to instruct that the fact that defendant did not testify was not evidence of guilt, for the reason that the respondent's counsel did not call the attention of the trial court to these points. In *People* v. *Smith,* 106 Mich. 434 (64 N. W. 200), counsel claimed a reversal on the ground that the court should have directed a verdict in a case of assault with intent to murder. We held that the point was made too late, not being raised in the trial court. In *People* v. *Gray,* 135 Mich. 544 (98 N. W. 261), we refused to consider questions when no exceptions had been taken. In *People* v. *Carter,* 117 Mich. 577 (76 N. W. 90), the defense was made that defendant was so drunk as to have been incapable of having an intent to murder. The omission of instruction on the point was held not error; no request having been made.

In *People* v. *Raher*, 92 Mich. 167 (52 N. W. 625, 31
Am. St. Rep. 575), the omission to instruct that defend-
ant, charged with assault with intent to do great bodily
harm, might be found guilty of assault and battery, was
held not cause for reversal; no request having been made.
In *People* v. *Prinz*, 148 Mich. 307 (111 N. W. 739), we
held that "the general rule in criminal as well as civil
cases is that this court will, on review, consider *only* such
questions as were presented for the consideration of the
trial court." In 12 Cyc. p. 808, it is said to be "a general
and almost universal rule that questions not raised at the
trial will not be reviewed," citing many cases from the
various State courts, among them some Michigan cases.
See, also, 13 Cur. Law, p. 193 *et seq.* In 12 Cyc. p. 820, it
is said that "in most jurisdictions the improper refusal or
neglect of the court to charge on a particular point, or its
action in granting and giving improper instructions, will
not be reviewed on appeal unless specially excepted to on
the trial, and this rule applies to instructions given by the
court of its own motion," citing cases from 18 different
States, and *contra* the single State of Michigan, the fol-
lowing cases: *People* v. *Murray*, 72 Mich. 10 (40 N. W.
29); *People* v. *Macard*, 73 Mich. 15 (40 N. W. 784);
*People* v. *McGuire*, 89 Mich. 64 (50 N. W. 786). See,
also, 12 Cyc. pp. 658, 815.

We have already attempted to show that the decisions
of this court are not at variance with the general propo-
sition, by citing some of its cases overlooked in the note to
12 Cyc. The same authority (viz., 12 Cyc. p. 820) pro-
ceeds as follows in the text:

"An exception to this rule is made, however, *in some
States in capital cases,* and an improper instruction will
be reviewed if *it appears to have prejudiced the ac-
cused,* although no exception was taken."

Several cases from Illinois, New York, and other States
admit this exception, which, it should be remarked, is
sometimes based upon statutes (see *State* v. *Heinze*, 66
Mo. App. 135), or, as in this State so far as it applies,

upon the Constitution. It is fair to say that this is not always so, and there is some confusion on the subject; but we think the general rule in this State is in conformity to the text first quoted from Cyc. We will now discuss the cases from Michigan which are cited in Cyc. as "*contra.*" They are three, as already stated, and counsel for the respondent has not cited them.

The first in chronological order is *People* v. *Murray,* 72 Mich. 10 (40 N. W. 29). This was a capital case, *i. e.*, rape, and therefore is within the limits of the exception. SHERWOOD, C. J., said:

"While this court cannot reverse a judgment or set aside the verdict upon a review of the facts, when such facts have been properly submitted to a jury, and will not ordinarily depart from such rules of practice as have been adopted as the result of the longest experience, yet, under the general superintending power and control over all inferior courts, and their proceedings, given under the appellate jurisdiction of this court, I have no doubt, in a criminal case, upon a review of all proceedings had which have resulted in the conviction of a respondent, if the court can see that a fair trial has not been had, and it is made manifest that injustice has been done, it then becomes the imperative duty of the court, with or without objections and exceptions by the respondent's counsel, to set aside such proceedings, and order a new trial; and we all think the present presents such a case."

It will be seen that the general rule is recognized, and so far as the adjudication goes the exception is limited to capital cases, "in which *the court can see that a fair trial has not been had and it is made manifest that injustice has been done,*" and it declares the duty of this court under its power in such cases.

The next case was *People* v. *Macard,* 73 Mich. 15 (40 N. W. 784), also a capital case, *i. e.*, murder. In that case the court had charged that the jury must find that all of the material facts were proved beyond a reasonable doubt. It was held, in an opinion by SHERWOOD, C. J., that this was not sufficient, although no exception had been taken.

The third case was *People* v. *McGuire*, 89 Mich. 64 (50 N. W. 786), a case of burglary. It was reversed upon the ground that the charge omitted certain instructions which were properly requested, though it was claimed that no exception was taken. It related to a crucial question, and the course taken was held "manifestly prejudicial." Upon the authority of the two earlier cases already discussed, the writer of the opinion said:

"We have heretofore held that the neglect of the court in criminal cases to properly charge the jury upon a material point could be taken advantage of without an exception on the trial."

The Michigan cases relied upon by counsel for defendant are: *People* v. *Bielfus*, 59 Mich. 576 (26 N. W. 771); *People* v. *Dowell*, 136 Mich. 306 (99 N. W. 23); *Liebler* v. *Carrel*, 155 Mich. 199 (118 N. W. 975); *People* v. *Prinz*, 148 Mich. 307 (111 N. W. 739). In *People* v. *Bielfus*, the question was properly raised in the trial court. We presume it was cited for the remark that "in such a case justice requires that no element of the crime shall be left out of sight," a palpable truth injected into the opinion as a reason for reversal on a question properly raised below, and open in this court. Justice requires in all cases that the trial shall in all respects conform to legal rules, but reversal does not ordinarily follow where an appellant omits to give the trial court information of his claim in relation to questions subsequently raised. The case is not in point. The same may be said of *People* v. *Dowell, supra,* when Mr. Justice GRANT wrote the opinion. It does not show that the question upon which it was reversed was not properly raised below. *Liebler* v. *Carrel, supra,* was not a criminal case and we do not discover that it sustains complainant's proposition. *People* v. *Prinz, supra,* did not pass upon the question of the want of exceptions. The case was a capital case, and the last enunciation of this court upon the subject.

A case earlier than any of those discussed is that of *People* v. *Maunausau*, 60 Mich. 15 (26 N. W. 797). It

was a case of larceny and was reversed by an opinion written by Mr. Justice MORSE, upon the ground that the court admitted the statements of a codefendant and neglected to state to the jury, in connection with the giving of said testimony or in the charge, that it could not bind the appellant. No reference was made to it, no request to charge was made, nor was an exception taken. The opinion says:

"It was manifestly error to receive the evidence without cautioning the jury, as aforesaid, not to use the admission of one against the other.   *   *   *   The error lies in not instructing the jury as to its use."

The opinion continues:

"The question now arises whether the counsel for respondents, by their failure to request such instruction, or to except to the failure of the court to do so without request, have waived their clients' rights in the premises. The objection made to the reception of this evidence, though not as clearly stated as it might have been, was evidently aimed at the injustice as well as the incompetency of using the declarations of one of these respondents against the other. It was the plain duty of the trial judge, when he received this testimony, or when he instructed the jury, to clearly point out the bearing of these admissions upon the vital issue of guilt or innocence, and to forbid, as far as he could, the use of the declarations of Richard to convict Samuel, or the admissions of Samuel to prejudice the case against Richard. In a criminal case all doubts should be solved in favor of the accused, and in the present case, when the evidence of the respondents' guilt depends almost entirely upon these declarations, we consider the neglect of the court to properly confine this testimony within its lawful limit as an error too grave to be overlooked, and one entitling the defendants to a new trial."

It is probably safe to say that this case goes much further than any other case that can be found in the books, but it shows that it was a most important point in the case. The opinion states that it was a case of "petit larceny." The property was charged to be worth $6, and three months was the limit of imprisonment under the

law.   No authority was cited in support of it, and it is a significant fact that the case was not cited in the later cases.   It is also worthy of mention that the writer of that opinion, in a later case, affirmed a conviction in which the cases of *People* v. *Murray* and *People* v. *Macard* and *People* v. *Maunausau* were much weakened, if not practically overruled.   The offense was a heinous one. *People* v. *Graney*, 91 Mich. 646 (52 N. W. 66).   It was followed in an opinion by LONG, J., in *People* v. *Smith*, 92 Mich. 11 (52 N. W. 67), and again in *People* v. *Ostrander*, 110 Mich. 63 (67 N. W. 1079).

Referring now to the cases from other States upon which defendant's counsel rely, we find nothing in *Goldsberry* v. *State*, 66 Neb. 312 (92 N. W. 906), to satisfy us that the question may not have been raised below.   The same may be said of *McDow* v. *State*, 113 Ga. 699 (39 S. E. 295), while an exception was taken in *State* v. *Fulford*, 124 N. C. 798 (32 S. E. 377).   In *Falk* v. *People*, 42 Ill. 331, it was held that, where incorrect instructions are given, the appellate court will refuse to pronounce a sentence of death and will order a new trial, though exceptions are wanting.   In *McMillan* v. *State*, 35 Tex. Cr. R. 370 (33 S. W. 970), the court said that it would not reverse the cause unless the error were calculated to injure appellant's rights.   This was a capital case and was affirmed.   In *People* v. *Barberi*, 149 N. Y. 257 (43 N. E. 635, 52 Am. St. Rep. 717), the court held that:

"An erroneous statement of the law in the charge * *; * or improper comments upon facts or the evidence bearing upon them may be reviewed and corrected in the court of appeals in a capital case, without any exception, when it can be seen that they may have operated to the prejudice of the accused."

Our decisions are undoubtedly in line with the general rule regarding the necessity of exceptions, etc., and this court is also committed to the exception stated in Cyc., already quoted.   One or more of our cases have applied the exception to other than capital cases, but all have been

cases where serious injury had been done to defendant's rights, in the opinion of the appellate court.  It is a significant fact that in none of these cases have other authorities been cited, and, as we have seen, the most extreme cases have been questioned, and therefore it might perhaps be said that there is no impediment to holding that the exception is limited to capital cases, where it is clear that manifest injustice has been done.  Of the latter proposition we are satisfied and can dispose of this case upon that ground.

It is clear from this record that the defendant has suffered no injustice on the question raised:

(1) Because it is clear that the store was within the statute.

(2) Because there is nothing to indicate that it was a disputed question upon the trial, or that it was not tacitly taken as a conceded fact in the case.

(3) Because the jury found defendant guilty as charged, and there is no presumption, nor is there any proof, that the jurors did not find the element of the offense said to have been omitted.

The defendant is relying upon a technical claim which we feel fully justified in disregarding, in view of the manifest justice of the verdict.  We adhere to the general rule that questions will not be reviewed unless raised in the court below, and brought here in accordance with the general practice, for to hold otherwise would enable defendants to raise most any question without exception. There is much good sense in the strictest rule upon this subject, and certainly to extend it beyond the exception mentioned, as intimated in *People* v. *Farrell*, 146 Mich. 291 ( 109 N. W. 440 ), where advantage was sought upon technical grounds, would be to put a premium upon a practice of treating a point as inconsequential, or conceded, and thereafter asking a reversal, upon the ground that it has been overlooked, thus allowing a defendant to have an " anchor to windward " in case he shall fail of acquittal on the merits.  If it be admitted that this court has

this power, and on occasion will exercise it, in a capital and even in other cases, it should be done only when the record clearly shows that a manifest injustice has been done; but this should be held as in the nature of an act of grace, wherein the noncompliance of counsel with the rules of practice is overlooked, rather than a recognition of a defendant's right to disregard the rules and practice usually required to assure justice to the State in the prosecution of offenders. See *People* v. *Graney*, 91 Mich. 646 (52 N. W. 66). Being satisfied that substantial justice has been done in this case, we must decline to reverse it upon this technical ground, in the absence of a request and exception if we should in such case reverse it, which we do not decide.

There are other questions in the case; but they require no extended discussion. The motion to quash for want of testimony before the justice on the examination was properly overruled. Upon that question, also, the magistrate was permitted to act without his attention being called to this claim, which was first raised at circuit after the jury was sworn, and when a discharge on a technical point might be final, by reason of defendant's having been in jeopardy. We have examined the remaining questions and find in them nothing that requires a reversal.

The judgment should be affirmed.

OSTRANDER, MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred with HOOKER, J.

BLAIR, J. Respondent was arrested and examined upon a complaint and warrant charging him and three others with breaking and entering in the nighttime the store of one Walter Budge, not adjoining to or occupied with a dwelling house, with intent to commit larceny. At the examination of respondent, no proof was offered that the store was not adjoining to or occupied with a dwelling house. Respondent was bound over for trial at

the circuit court for the offense charged, and an information was filed for that offense; respondent refusing to plead.   A plea of not guilty having been entered by order of the court, respondent moved to quash the information, for the reason, in substance, that there was no testimony produced before the justice or returned by him tending to show that the store was not adjoining to or occupied with a dwelling house, as required by section 11547, 3 Comp. Laws.   The motion was overruled, and at the close of the case the respondent was convicted, and has appealed to this court.

The principal points relied upon for a reversal are:

*First*, that the court erred in overruling the motion to quash.

*Second*, that the court erred in defining the offense in his charge to the jury by omitting to include therein as an element the location of the store with reference to a dwelling house.

*First.*   Technical nicety would have been better served by presenting evidence as to the location of the store with reference to other buildings; but where the respondent presents no request to the examining magistrate for his discharge upon that ground, and it does not appear that his rights were prejudiced, we think justice requires that he should not be permitted to raise the question after the return has been filed and an information presented charging the same offense as the complaint and warrant.   The complaint specifically informed the respondent of the precise offense of which he was charged, and, manifestly, the matter of prime importance to him was the proof upon which the people relied to connect him with the breaking and entering of the store with larcenous intent.   The proof was ample upon both these elements and furnished all of the information which respondent needed for the preparation of his defense.   We think the motion was properly overruled.

*Second.*   The court instructed the jury, as to the elements of the offense, as follows:

" In this case the people charge these respondents, Walter Brott and Fred Compton, together with Henning Hammer, with having on the 29th day of March last, in the nighttime, broken and entered the store of Walter Budge, with the intent then and there to commit the crime of larceny; that is to say, to steal, take, and carry away, and to convert to their own use, some of the property of Mr. Budge, then situated in that store. You will observe that there are several elements or ingredients in the offense charged against these respondents, and to warrant a conviction in the case you must find:

" ' (1) That these respondents did break and enter, or did assist in breaking and entering, the store of Walter Budge.

" ' (2) That the breaking and entering was in the nighttime, and that at that time they had the intent to commit the crime of larceny; that is, to steal some of the property in that store.' "

No reference was made in any part of the charge to the necessity of finding that the store was not adjoining to or occupied with a dwelling house. It is argued by the counsel for the people that this was error without prejudice, since the undisputed testimony showed that the store was not adjoining to or occupied with a dwelling house. The record supports the contention of counsel as to the testimony on this point being all one way, and there can be no doubt that, if the attention of the jury had been called to the necessity therefor, they would have found that the store was not adjoining to or occupied with a dwelling house. But the question which presents itself to us is: Have the jury found by their verdict that the store was not adjoining to or occupied with a dwelling house? As shown by the quotation from the charge, the court, in stating to the jury what the charge against respondent was, excluded this element, and, in stating what the jury must find from the evidence, he again eliminated this element. It would seem to necessarily follow that the verdict of the jury convicted the respondent of breaking and entering the store of Walter Budge in the nighttime, with intent then and there to commit the crime of

larceny.   The verdict, therefore, did not convict the respondent of the offense with which he was charged in the information, nor of any offense known to the law.   *Koster* v. *People*, 8 Mich. 431.

The judgment should be reversed, and a new trial granted.