PEOPLE *v.* KING.

1. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE BEFORE MAGISTRATE
   MAY NOT BE RAISED FOR FIRST TIME ON THE TRIAL.

   In a prosecution for the unlawful sale of intoxicating
   liquors, where the sworn complaint properly gave the
   date as October 17, 1923, defendant may not raise the
   question for the first time in the circuit court that there
   . was no evidence before the committing magistrate of
   when the sale was made, because a witness, testifying
   as to the date of purchase as October 17th, failed to state
   the year.[1]

2. SAME—EVIDENCE—SUFFICIENCY—INFERENCES.

   Where, on the trial, in March, 1924, a witness testified
   that he had known defendant since October 1, 1923, and
   that he purchased liquor from her on October 17th, said
   evidence was sufficient to support a conviction of illegal
   sale on October 17, 1923; said testimony, if not directly
   to the point, being reasonably capable of inference that
   the sale was made on said date.[2]

   BIRD, J., dissenting.

Exceptions before judgment from Ottawa; Cross
(Orien S.), J.    Submitted June 11, 1925.    (Docket
No. 86.)    Decided October 1, 1925.

Henrietta King was convicted of violating the liquor
law.    Affirmed.

*Charles E. Misner,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred
T. Miles,* Prosecuting Attorney, for the people.

CLARK, J.    Complaint on oath was made on Oc-
tober 30, 1923.    It charged defendant with a sale of
spirituous and intoxicating liquor on October 17, 1923.

[1]Indictments and Informations, 31 C. J. § 379; [2]Criminal Law,
16 C. J. § 1560.

Examination was on November 1, 1923. Defendant was committed for trial. Information was filed November 5, 1923. Before a jury was sworn, and on March 20, 1924, defendant filed a motion to quash, the denial of which presents the main question, which is, that there was no evidence before the committing magistrate of when the sale was made and that, therefore, he had no right to commit.

A witness at the examination testified of purchasing the liquor on October 17th, but did not state the year. The record does not show that this matter was called to the attention of the magistrate by motion to dismiss, request, objection, or otherwise. The question was raised for the first time by the motion in the circuit court. Technical nicety would have been served by evidence of the date in full. But defendant was not misled. The sworn complaint gave the date. She was prejudiced in none of her rights. Justice requires that defendant should not be permitted to raise this question first in the circuit court. *People* v. *Hare,* 57 Mich. 505; *People* v. *Dowd,* 44 Mich. 488; *People* v. *Brott,* 163 Mich. 150, including separate opinion of Mr. Justice BLAIR.

We do not follow counsel in urging that there is the same infirmity of evidence at the trial. The principal witness testified at the trial on August 12, 1924:

"I knew the respondent from about the first of October, 1923. She lived in the city of Grand Haven on the north side of Washington street west of Second street above a millinery store.

"*Q.* Were you at her place in October?
"*A.* Yes, about the 17th of October.
(Objection.)
(Witness continuing) : "I was at respondent's home just shortly before dinner. I purchased a pint of moonshine whisky." * * *

If this testimony is not directly to the point that

the sale was on October 17, 1923, it is capable, reasonably, of that inference. The witness knew defendant from about October 1, 1923. No other October intervened between that time and the trial. Clearly the witness when he said "October 17th" meant October 17, 1923. See *People* v. *Perry, ante,* 433.

The verdict is supported sufficiently by evidence. Affirmed. Remanded for judgment.

McDONALD, C. J., and SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred with CLARK, J.

BIRD, J. (*dissenting*). Henrietta King was informed against and convicted in the county of Ottawa for selling intoxicating liquor on the 17th day of October, 1923. She had an examination before the justice. It was shown by the man to whom the liquor was sold that the sale was made on the 17th day of October. Defendant moved to dismiss the case because no time had been shown. This motion was overruled. A motion was then made in the circuit court to quash the proceeding for this reason. This was likewise overruled. Upon the trial in the circuit court the same witness testified the same as he had in the examination, that the sale took place on the 17th day of October, without stating the year. Defendant again endeavored to have the case disposed of because no date had been shown, but this motion was overruled.

The conduct of the prosecuting attorney is inexplicable. After a motion to dismiss the proceeding before the justice had been made and after a motion to quash had been made before the circuit court, why the prosecutor did not make it certain by adding the year is quite difficult to understand. The gist of the offense with which defendant is charged is the unlawful sale. The date is not important, except to show that it was made within the statute of limita-

tions. There is nothing in the record that we can find that shows that the sale was made in 1923, unless we indulge in presumptions, which we may not do in a criminal case.

"The evidence must show that the acts charged in the indictment were done within the period of limitations, for which purpose it is generally necessary that there should be positive testimony as to the *year* when the events occurred." 23 Cyc. p. 261.

See, also, 12 Cyc. p. 382.

For the failure of the prosecutor to show the year that the sale was made, the proceeding should be dismissed and the prisoner discharged.