## No. 6025.

### State of Louisiana vs. William L. Thompson.

The first ground of defense on the part of defendant is, that the grand jury which indicted him was not legally organized, being the grand jury which was organized by Judge Braughn while acting under the appointment of Judge Atocha, the presiding judge of said court, but it is well settled that objections of this character must be made before going to trial, which was not done in this case. Besides, there is nothing in this record showing when the grand jury was organized and by whom.

The indictment was found on the fifteenth June, 1875, and it was returned into court, recorded and filed, on the twenty-first of June, 1875. During all this time this court will take judicial notice that Judge Braughn was the judge of said court by commission issued to him by the Governor after the death of Judge Atocha.

The second ground of defense is presented in a bill of exceptions which defendant took to the rule of the court *a qua* refusing to allow him to challenge peremptorily four jurors. But defendant was not entitled to challenge peremptorily the jurors in question, because his case does not come within the provision of section 997 of the Revised Statutes, allowing such challenge.

APPEAL from the Superior Criminal Court, parish of Orleans. *Steele,* J. *A. P. Field,* Attorney General, for plaintiff and appellee. *S. Belden,* for defendant and appellant.

WYLY, J. The defendant, who was convicted of the offense of oppression and extortion in office, and sentenced to a fine of three hundred and ten dollars, has appealed from the judgment against him.

The first ground of defense urged in the brief of defendant is: the

grand jury which indicted him was not legally organized, being the grand jury of which Frank was foreman, and organized by Judge Braughn while acting under the appointment of Judge Atocha, the presiding judge of said court. It is well settled that objections of this character must be made before going into the trial, which was not done in this case. Besides, there is nothing in the record showing when the grand jury was organized and by whom. The indictment was found on the fifteenth of June, 1875, and it was returned into court, recorded and filed, on the twenty-first of June, 1875. During all of this time, we will take judicial notice that Judge Braughn was the judge of said court by commission issued to him by the Governor after the death of Judge Atocha.

The next objection is presented in a bill of exceptions which defendant took to the ruling of the court refusing to allow him to challenge peremptorily four jurors.

Section 997 of the Revised Statutes provides that "in all criminal prosecutions in this State for any crime the punishment of which may be imprisonment at hard labor for a term of twelve months or more, the defendant in such prosecution shall be entitled to challenge peremptorily and without showing any cause any number of jurors not exceeding twelve; and this, whether such imprisonment shall be peremptory, or within the discretion of the court."

The punishment for the offense charged in the case at bar is not imprisonment at hard labor; it is merely a fine, or imprisonment, or both at the discretion of the court. Revised Statutes, section 868. Defendant was not entitled to challenge peremptorily the jurors, because his case does not come within the provision of section 997 allowing it. The constitutional objection raised by the defendant to the discrimination between grave and minor offenses in regard to the right of peremptory challenges is not perceived.

The next objection urged in the brief is the bill of exceptions taken by the defendant to a city ordinance offered and received in evidence on the part of the prosecution.

To the bill of exceptions the judge adds : "The objection was only as to the effect of the evidence offered, and not to its admissibility." As the ordinance is not annexed to the bill nor contained in the record, this court of course can have no knowledge as to its character or effect. As its admissibility was not questioned when it was received, there is no error of which the defendant can claim relief.

There are other bills of exceptions in the record, but as they are not urged by the defendant, they will not be noticed.

We see no error in the case.

Judgment affirmed.

Rehearing refused.