State of Louisiana vs. Washington.

## No. 8256.

### THE STATE OF LOUISIANA VS. JERRY WASHINGTON.

The accused cannot complain that the list of jurors served on him, contained the names of the whole panel drawn for the term of court, including the grand jurors, &c., if said list designated those who were to serve during the week in which his case was to be tried.

The accused, having gone to trial without objection, cannot, after verdict, contest the legality of the drawing of the grand jury by which he was indicted.

APPEAL from the Twentieth Judicial District Court, parish of As-sumption. *Knoblock, J.*

*J. C. Egan,* Attorney General, for the State, Appellee:

First—This Court cannot review a judgment refusing a new trial which was asked on the ground of newly discovered evidence. 21 An. 473 ; 22 An. 468.

Second—Objection to the formation of the jury comes too late after going to trial. 8 R. 514 ; Sec. 5, Act No. 32 of 1840, p. 28.

*Walter Guion* for Defendant and Appellant:

First—That the list of jurors contemplated by law to be served on the accused should embrace the names of those only who could sit upon the trial, and not those of jurors drawn for a week different from that fixed for the trial, and that it should, also, not contain the names of jurors who have been excused, are dead, or have not been found. 3 An. 50 ; 7 An. 284.

Second—That the jury commissioners who drew the jury were totally without right or authority to act, and that the indictment found against the accused, having been brought in by a grand jury drawn and selected by said commissioners, was absolutely void and of no effect.

Third—That the indictment, being null and void by reason of the total want of authority of the jury commissioners who acted in drawing the grand jury which found it, the nullity can be pleaded after the verdict, and even though the objection was not urged by the accused on the first day of the term of court. 21 An. 252 ; 31 An. 387, 398, 406 ; State vs. Williams, 30 An.

The opinion of the Court was delivered by

FENNER, J.   The errors assigned are the following:

1st. That the venire and list of jurors served on accused before trial was not such as the law requires, in this: that said list contained the names of the whole panel drawn for the term of court, including the grand jurors, the jurors who were to serve for the second week as well as those for the first week of the term, and also the jurors who had not been found.

The list served designated which jurors were on the Grand Jury, which ones had not been found, which ones were to serve for the first week, and which for the second week of the term.

It appears to us that this fully accomplished the object of the law, which is to furnish the accused with the names of the jurors who are actually to be presented to him for the trial of his cause, in order that he may inquire into their characters and prepare his challenges.   There was no difficulty for him to understand that only the jurors who had been served, and who were not grand jurors, and who were assigned for duty during the week in which his case was to be tried, would be presented to him for its trial.

The authorities in 3 An. 50, and 7 An 284, do not apply, because, in those cases, the lists served did not contain the discriminations between the jurors here noted.

2d. That the grand jury, who found the indictment against him, was drawn by persons acting as jury commissioners, without legal right or authority to act as such, having never been appointed or sworn as jury commissioners by the judge of the court before which the case was instituted and tried, and, that therefore, the indictment was null and void.

It appears that the jury commissioners who acted, had been appointed and qualified by the Judge of the District Court for the parish of Assumption under the Constitution of 1868, and held over and continued to perform their functions under the succeeding District Court for the same parish, organized under the present constitution.

There is no doubt that, had the objection been urged, seasonably and in proper form, before going to trial, it would have been fatal to the indictment.   State vs. Thompson, 32 An. 879; State vs. Williams, 31 An. 1028.

But such objection urged only after plea and trial, and on a motion for a new trial, comes too late.   It is well-settled law, that objections to the qualifications of jury commissioners and to irregularities in the summoning or drawing of grand and petit jurors, must be urged in the preliminary stages of the trial, and cannot be heard after plea, trial and verdict; the principle being that a prisoner cannot plead to an indictment

found by a grand jury and take the chances of a trial thereon, without objection, and after a verdict against him, urge objections to the jury which found the indictment or tried the case. State vs. Miles, 31 An. 825; State vs. Swift, 14 An. 827; 25 An. 537, 563; 16 An. 141; 28 An. 187; 31 An. 379.

The case does not fall within the principles of 31 An. 387, 406, because the venire for the term at which the indictment was found and the trial was had, was never quashed on the motion of any person.

State vs. Parks, 21 An. 252, holding that the qualifications of grand jurors may be inquired into even after verdict, applies only to the personal qualifications of such grand jurors, as to which the prisoner, having no opportunity of examining them on their *voir dire*, may remain in ignorance until after trial.

The records of the court were open to the prisoner and his counsel and afforded them full opportunity to know in what manner the jury commissioners were appointed and qualified.

3d. Another ground for the motion for new trial, not urged in the brief, was newly discovered evidence. It is very plain that the alleged after-discovered evidence is not such as ought to affect the result of another trial.

We find no error in the proceedings, and the judgment is, therefore, affirmed.