## No. 8994.

### THE STATE OF LOUISIANA VS. NOAH JACKSON.

Objections to the manner of drawing and summoning the jury, and of organizing the grand jury must be urged before plea and trial, and come too late when made after verdict.

Arrests of judgment arise from intrinsic causes appearing on the face of the record, hence irregularities in the drawing and the summoning of the jury, and in the composition of the grand jury cannot be heard in a motion in arrest of judgment.

APPEAL from the Eighth District Court, Parish of East Carroll. *Delony*, J.

---

*J. C. Egan*, Attorney General, for the State, Appellee.

*C. S. Wyly* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. The defendant appeals from a conviction of murder and a sentence of death; and he relies exclusively on a motion in arrest of judgment, which was overruled by the district judge.

State vs. Jackson.

The complaint set forth in his motion is "that the grand jury that found the indictment was illegally formed; that at least one person who served on said jury, was not drawn on the venire for that term of court."

His motion is answered by two fatal considerations:

1. All objections to the manner of drawing and composing the grand jury must be made and urged before plea and trial, and come too late after trial and verdict.

All such objections, when made after trial, are met by the consideration that an accused cannot be allowed to take his chance of an acquittal in a trial by an alleged defective jury, and if convicted, to fall back on an objection which should have been urged before trial.

This rule can now be considered as elementary in our practice. State vs. Watson 31 A., 379. State vs. Miles, Ib., 825. State vs. Washington, 33 A., 825.

2. It is equally well settled in criminal jurisprudence that, "arrests of judgment arise from intrinsic causes appearing on the face of the record."

If, in the present case, the objection could be entertained as timely made, it could only cover in the form or remedy adopted by defendant's counsel, errors apparent on the face of the record, and apparent on mere inspection of the proceedings. But the record does not contain the venire from which the grand jury was drawn, and, therefore, the defect charged in the motion does not appear on the face of the record. Proof would have been required to establish the irregularity complained of, and such proceeding is not admitted in support of the motion in arrest of judgment, which can present only a question of law. But independently of these considerations, we hold that the defendant's counsel has entirely mistaken his remedy in having recourse to the motion now under consideration.

Criminal jurisprudence has crystalized the rule that judgment will not be arrested on the ground of irregularities in the summoning of the jury, or the composition of the grand jury. State vs. Swift, 14 A., 825. State vs. Thomas, 35 A., 24. State vs. White, Ib. 96. State vs. Harris et al, 30 A., 90. State vs. Wittington, 33 A., 1404.

The record discloses no error to the prejudice of the defendant, and we are powerless to avert his doom.