## No. 9605.

### THE STATE OF LOUISIANA VS. MARY GRIFFIN.

Objection to an indictment based on the ground that a member of the grand jury that found the bill was disqualified, must be urged before trial, and cannot be taken advantage of by motion for new trial or motion in arrest.

Where there are two judges in the same district clothed with equal powers and jurisdiction and authorized by statute to provide rules for the regulation of their courts, and fix the terms thereof, and under this authority they have fixed their respective terms, it does not vitiate the proceedings because an accused has been tried and convicted at a term of the court which the judge presiding thereat was only authorized to hold in the absence of or inability of the other judge to attend, to whom such term was regularly assigned under the rules, where such absence or inability is shown by the record.

APPEAL from the Twentieth District Court, Parish of Assumption. *Beattie, J.*

*M. J. Cunningham*, Attorney General, and *E. A. Sullivan*, District Attorney, for the State, Appellee.

*Walter Guion* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant appeals from a sentence of life imprisonment for murder.

Among other defenses, she urged in the court below and again before this Court:

That one of the members of the grand jury that found the bill against her was not a citizen of the United States, and that such fact was not ascertained till after verdict.

She made this a ground of a motion for a new trial, and on the trial of that motion proved the fact alleged.

There is no doubt but that an indictment of a grand jury, one or more of whose members labors under such a disqualification as the one mentioned, is invalid. All authorities agree on this point. Wharton Criminal Practice and Pleadings, secs. 345, 346; 8 R. 513, 616; 21 Ann. 251.

The question of difficulty on this point is whether such disqualification can be urged after arraignment and plea or after conviction. Upon this point the authorities are divided.

In the case of the State vs. Parks, 21 Ann. 251, it was held that such disqualification was fatal to the indictment and could be urged in a motion for a new trial.

The judge *a quo* overruled the motion for a new trial on the authority of the case of State vs. McGee, 36 Ann. 207, which he claimed overruled the doctrine of the previous decision in the Parks case referred to.

It is claimed in the brief of defendant's counsel that the decision in this Parks case has been approved in several decisions rendered by the present Court, and he refers us to the cases of State vs. Washington, 33 Ann. 896; State vs. Washington, 1404; and State vs. Rowland, 36 Ann. 193.

In the first of the above cases, among the errors assigned was one to the effect that the grand jury that found the bill was incompetent because drawn by commissioners unknown and without legal authority to act. It was held, "that such objection, urged only after plea and trial and on motion for a new trial, comes too late;" and further, "that if it had been seasonably made before trial it would have been fatal;" the Parks case being mentioned only to distinguish it from the case then under consideration.

In the next case (Washington) the disqualification of the grand jury was sought to be taken by a motion in arrest of judgment. That was the precise issue, and it was held that it could not be done.

In the case of Rowland (36 Ann. 193), the issue touching the disqual-

ification of a grand juror was raised by a motion to quash, and the motion was sustained, the Court only deciding in accordance with settled jurisprudence on the point that the objection was seasonably made and was fatal where urged by this mode after indictment but before arraignment.

From this brief review it will be seen that this Court is not committed to the doctrine of the Parks case. On the contrary, we believe that the principle enunciated in the McGee case, 36 Ann. 207, is correct. That decision is amply sustained by the preponderance of authority, as shown by the precedents cited in the decision.

The other ground of resistance relied on by the defendant is the alleged want of jurisdiction or power in the judge who presided in the trial of the case. The facts relating to this point are these:

The appeal comes from the parish of Assumption, where the accused was tried and convicted. Assumption is in the twentieth judicial district, in which district there are two judges, Judges Beattie and Knobloch. Among the rules adopted by these officers for the regulation and performance of their judicial functions is one to the effect that the terms to be held by each judge and the months for holding same were specified; and it is urged that the trial took place before Judge Beattie at a term of court which, under said rule, should have been held by Judge Knobloch.

It may well be questioned, in view of the fact that the court before which this trial took place and all the proceedings were instituted and conducted had complete jurisdiction of the offense with which the accused was charged *ratione materia*, whether an alleged irregularity such as we are now considering, growing out of an infringement of a rule agreed on by the two judges, could be of such gravity as to vitiate the proceedings in question. But be that as it may, we find another of these rules adopted by the judges is in the following words:

" It is further ordered that the said judges may by agreement among themselves interchange the holding of these terms, and that either of them may, in case of the absence or nonability to preside of the other, hold the terms provided to be held by his colleague."

The record shows that in conformity to this rule, Judge Knobloch called on Judge Beattie to preside at the term to be held by him in the month of November, for the reason of his inability to be present at that term. Accordingly the term was held by Judge Beattie, when the defendant was tried and convicted.

The rules referred to were not violated but fully complied with, and therefore the irregularity charged did not exist.

The accused was legally tried and convicted and sentenced, and there is nothing in the record to afford him relief.

The judgment is therefore affirmed.