State vs. Guillory.

---

## No. 10,953.

### THE STATE OF LOUISIANA VS. OSCAR GUILLORY.

1. The competency of grand jurors is presumed, and those who attack it must show good cause of disqualification. A man who came to this country with his father, when a child, whose father, now dead, told him he was naturalized and voted as a citizen; who has himself exercised the rights of a citizen in the parish, without question for thirty years, is not to be declared disqualified because he can not produce his father's naturalization papers, and owing to his father's residence in several States, does not know where to find the judicial record thereof.

2. Objection to failure of judge to open a note of evidence on basis for introduction of a confession is disposed of by the State vs. McCarthy, this day rendered.

3. Other bills are without merit.

APPEAL from the Thirteenth District Court, Parish of St. Landry, Lewis, J.

*W. H. Rogers*, Attorney General, for the State, Appellee.

*E. P. Veazie* and *Laurent Dupré* for Defendant and Appellant:

One of the qualifications of a juror required in this State is that he shall be a citizen of the United States and of this State. Act 44 of 1877, Sec. 1; Act 54 of 1880, Sec. 1.

A judgment naturalizing a foreign born citizen can not be proved by parol.

The personal disqualification of a grand juror is good ground for motion to quash. State vs. McGee, 86 An. 207.

The admissibility of a voluntary declaration is a blended question of law and fact reviewable by the Supreme Court, and the evidence touching the admissibility of a confession must be reduced to writing and appended to bill of exception in order that the appellate court may determine the question of admissibility only. 34 An. 147; 1st Greenleaf on Evidence, Sec. 223; Warton's Crim. Ev., Sec. 689; 1st Bish. Crim. Procedure, Sec. 1220.

The opinion of the court was delivered by

FENNER, J. The first bill of exceptions is taken to the ruling of the judge in overruling a motion to quash the indictment based on the charge that a member of the grand jury who found the bill was incompetent by reason of alienage.

It appears that the juror objected to was born in Ireland and moved to this country with his parents many years ago, when only twelve years of age. He had been told by his father that he (the father) had been naturalized, and knew that his father was a voter in the State of Kentucky before his death. His father had lived in several States, and he did not know when or where he was naturalized, and had no proof thereof other than his father's statement. The juror had lived in the parish for thirty years, had always considered himself as a citizen, and as such had voted and served on grand and petit juries without question.

No such question would probably have arisen in this case but for the fact that the juror was prosecuting a claim for homestead from the United States, in the course of which it became necessary for him to prove his citizenship, and having no copy of his father's naturalization papers and not knowing when or where they were taken out he concluded his simplest course was to become naturalized himself, for which purpose he made application to the court and obtained his papers.

This occurred after he had been drawn on the venire, but nearly two months before he was empaneled or served as a grand juror.

There is no question that at the time when he was empaneled and served as a grand juror he was in every respect fully qualified,

and we think the presumption is overwhelming that he was qualified before the drawing.

A man who has come to this country with his parents, as a child, who has been told by his father that he was naturalized, and who has seen his father voting as a citizen, who has himself always exercised his rights as a citizen in the same place for thirty years without question, is entitled to every presumption in favor of his citizenship, and is not to be declared disqualified because he can not produce his father's naturalization papers, and, owing to his father's having resided in several States, does not know where to find the judicial record of them.

" When grand jurors are duly drawn and appear upon the summons of the sheriff by virtue of his writ, they are presumed to be good and lawful men, in all respects legally qualified. It is only upon good cause shown by a party having the right to question the qualifications of the individual juror that he will be set aside for incompetency." Thompson & Merriam on Juries, No. 563; Weeks vs. State, 31 Miss. 490; Thayer vs. People, 2 Doug. 417; State vs. Haynes, 54 Iowa, 109; Minor vs. State, 63 Ga. 318.

We thing no such good cause is shown in this case, the evidence raising a strong presumption that the juror was qualified when he was drawn, and making it certain that he was qualified when he was empaneled and served.

The other bills have no merit.

One of them, based on the failure of the judge to take a note of evidence as to the basis laid for admitting a confession of defendant, is covered by our decision rendered this day in State vs. McCarthy.

Another, based on refusal to admit evidence of prior threats in absence of any overt act at the time, is disposed of by many authorities sustaining the judge's action.

The rest need no mention.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

This application is based on the failure of the judge to incorporate in his sentence the provisions for commutation of term embodied in Act No. 12 of 1890.

We can take no notice of this alleged error because the record con-

tains no reference to any application to, or action by, the judge on the subject, and no assignment of such error, in any form, was made before the actual decision of the cause.

If the applicant is entitled to relief, he must seek it elsewhere.

Rehearing refused.