(138 So. 92)

**STATE v. SOILEAU.**

No. 31361.

Nov. 3, 1931.

Rehearing Denied Nov. 30, 1931.

J. Hugo Dore, of Ville Platte, and Lewis & Lewis, of Opelousas, for appellant.

Percy Saint, Atty. Gen., R. Lee Garland, Dist. Atty., of Opelousas, E. R. Schowalter, Asst. Atty. Gen., J. Cleveland Fruge, Asst. Dist. Atty., of Ville Platte (L. Austin Fontenot, of Opelousas, of counsel), for the State.

ROGERS, J.

The defendant, Robert Soileau, was indicted for murder and convicted of manslaughter. From this conviction and the sentence pronounced thereon defendant appeals. There are seven bills of exception in the record.

Bill No. 1. This bill was taken to the ruling of the trial judge refusing defendant permission to withdraw his plea of not guilty for the purpose of filing a motion to quash the indictment.

The motion to quash charges that the grand jury which returned the indictment was illegally constituted, in that one of its members, Charles Stewart, was a citizen of the Dominion of Canada and not of the United States and of this state.

The trial judge predicated his ruling on Code Cr. Proc. arts. 265 and 266, providing

that a defendant may, at any time, with the consent of the court, withdraw his plea of not guilty, and then set up some other plea or demur or move to quash the indictment; the allowance or disallowance of the withdrawal of a plea of not guilty being within the sound discretion of the court.

No facts are set forth by the trial judge in support of his ruling and from which we can determine whether he properly exercised the discretion vested in him by the codal articles. On the other hand, the record discloses that the grand jury was impaneled in special session on March 16, 1931, for the sole purpose of investigating the case against defendant. On the next day, namely, March 17, 1931, defendant was indicted for murder, and on the same day, immediately following the return of the indictment, was arraigned and pleaded not guilty. On motion of the district attorney, the case was then fixed for trial on March 30, 1931. On that day, before entering upon the trial, defendant moved to set aside his plea of not guilty in order that he might file the motion to quash, which, on objection by the state, was refused by the trial judge. Defendant then filed a plea of insanity, which plea he subsequently withdrew. The case was continued, and later was fixed for trial on May 11, 1931, when it was actually heard.

An accused person who seeks to withdraw his plea of not guilty in order to attack the indictment should show that the grounds upon which he bases his attack are reasonable, and that a reasonable excuse exists for his failure to make his attack before plea.

The grounds set forth in the motion to quash in the present case are not only reasonable, but they are wholly sufficient, if true, to vitiate the indictment.

There can be no trial, conviction, or punishment for a crime without a formal and

sufficient accusation. An indictment is a written accusation of a crime presented by a grand jury, and is the exclusive method prescribed for holding a person to answer for a capital offense. Const. 1921, art. 1, § 9. But the grand jury which presents the indictment must be legally constituted, which is not the case if one of its members is an alien. Section 1, Act No. 135 of 1898. And, since an indictment is the basis of the prosecution for murder, a person accused of the crime has a substantial interest in questioning the legality of the grand jury by which it is presented.

■ While defendant's application to withdraw his plea of not guilty in order to file the motion to quash the indictment was one addressed to the sound discretion of the court, we think the discretion vested in the trial judge by the codal articles should be exercised liberally in favor of life and liberty.

It does not appear that the defendant had any knowledge prior to his indictment of the alleged defective organization of the grand jury. And the record indicates that his motion to withdraw was made at the earliest possible moment and within a reasonable time after the entry of his plea.

Thus the grand jury met on March 16, 1931, and on the next day, March 17, 1931, returned the indictment. Defendant was arraigned and required to plead immediately after the indictment was presented. Consequently, it can hardly be contended that defendant had an opportunity of objecting to the organization of the grand jury. The case was fixed for trial on March 30, 1931, thirteen days after the indictment was returned. At that time defendant made his application to withdraw and his motion to quash. And the case was not actually called for trial until May 11, 1931. There appears to be no good reason why the motion to quash could not have been heard and disposed of between March 30, 1931, and May 11, 1931.

In State v. Brooks, 173 La. 9, 136 So. 71, the defendant, charged with embezzlement, pleaded not guilty, and two months thereafter, on the day set for trial, filed a motion to quash the indictment. The trial judge under the authority of Code Cr. Proc. arts. 264 and 265, refused the defendant permission to withdraw his plea of not guilty, assigning as reasons for his ruling that the request came too late, and to grant it would cause unnecessary delay. But this court held the ruling was reversible error. The delay elapsing between the date of arraignment and the date of the application to withdraw was not as great in the case at bar as it was in the Brooks Case, and the attack on the indictment here presents as serious a question as the attack on the indictment there. Our conclusion is, therefore, that this bill was well taken.

Bill No. 2 is abandoned by the defendant.

■■ Bills Nos. 3 and 4 were reserved to the action of the trial judge in overruling defendant's objection to two of the state's witnesses testifying as to the eyesight of the deceased.

The record discloses that the deceased, who was seventy-two years of age, was shot down on the main street of the village of Ville Platte. The defense was that the deceased assaulted defendant with a small knife. On this issue it was relevant and material to inquire into the physical condition of the deceased as bearing on the question of defendant's right as a reasonable man to believe he was in danger of his life or of bodily harm. The witnesses, who saw the deceased daily, testified that he was blind of one eye and his sight was bad. We find no error in the rulings complained of. The witnesses needed no

qualifications as experts for such testimony. The apparent physical condition of a person may be stated by an ordinary witness having suitable opportunity for observation.

■ Bills Nos. 5 and 6. These bills were taken to the refusal of the trial judge to sustain defendant's objection to the questioning by the district attorney of a witness for the state, Lucius Deucet. The witness, having testified in chief, was cross-examined regarding the testimony he gave before the coroner's jury. This examination consisted in the reading by defendant's attorney to the witness of a portion of the testimony he had given before the coroner's jury. The district attorney on his re-examination of the witness merely asked the necessary questions to place him in the correct light before the jury, and to give the jury the benefit of the entire statement of the witness before the coroner's jury, not only that part of the statement read to the witness by the defense. There is no merit in the bills.

■ Bill No. 7. This bill 'was reserved to the overruling by the trial judge of defendant's objection to the following question propounded to him in the course of his cross-examination, viz.:

"Q. Did you not see red when you thought of Mr. Soileau and stay awake at night and not being able to sleep thinking of him."

The statement per curiam shows that the defendant admitted he had several previous difficulties with the deceased, and that he had purchased the weapon with which the killing took place some five years prior thereto and after he had had a difficulty with the deceased, on which occasion he struck the deceased with a loaded quirt. And the question objected to was intended to draw from the defendant himself his feelings towards the deceased and to show malice and premeditation. We see no error in the ruling complained of.

■ The state contends in argument before this court that, although a motion for a new trial, reiterating the matters complained of in the bills of exception, was filed and overruled, no bill of exception was taken to the action of the trial judge in that regard. Hence defendant has acquiesced in the action of the trial judge, and the appeal presents nothing for review. The contention is untenable.

While Code Cr. Proc. art. 559, requires as a condition precedent for an appeal that a motion for a new trial should have been made and overruled in the trial court, there is no requirement for the reservation of a bill of exception to the overruling of the motion. Whatever may be the proper procedure in the case of new matter set out in the motion for a new trial, no bill of exception to the overruling of the motion is required in order to bring up for review on appeal the alleged irregularities in the proceedings, reiterated in the motion, which were objected to at the time of their occurrence and to the adverse ruling on which objections bills of exception were reserved.

For the reasons assigned in our discussion of bill No. 1, the conviction and sentence herein appealed from are set aside, and this case is remanded to the district court for further proceedings consistent with the views herein expressed.