141 So. 57

**STATE v. TOLETT et al.**

No. 31650.

Feb. 29, 1932.

Rehearing Denied March 30, 1932.

W. B. Massey, of Shreveport, for appellants.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State.

O'NIELL, C. J.

The appellants, Boris Tolett and E. L. Patterson, stand convicted of murder and

sentenced to be hanged. They rely upon three bills of exception, all relating to one and the same complaint; that is, that, when the grand jury was called in special session and found and returned the indictment, one of the grand jurors had left the state permanently and was then a citizen of another state, and that there were therefore only eleven qualified members of the grand jury. The grand juror referred to as having become a resident of another state was not present at the session at which the indictment was found and returned against these defendants. The objection that he had become a resident and citizen of another state was first urged after the defendants were convicted. The attorney who had been appointed to represent them then filed a motion for a new trial, on the ground which we have stated. The motion being heard and overruled, he filed a motion to quash the entire proceedings, on the same ground; and, that motion being heard and overruled, he filed a motion in arrest of judgment, on the same ground. The motion in arrest of judgment was also heard and overruled. A bill of exceptions was taken promptly to each ruling.

We assume that the allegation that one of the grand jurors had become a resident and citizen of another state, and was therefore not qualified to continue to serve as a member of the grand jury, was true. We assume also that the allegation was true that the defendants, whom an attorney was appointed to represent, did not know when they went to trial that the absent grand juror had left the state permanently. Nevertheless we are constrained to hold that the objection to the indictment, that the absent grand juror

had become disqualified, could not be urged successfully after the trial of the case. Article 253 of the Code of Criminal Procedure declares that a motion to quash an indictment, for a defect either in form or in substance of the indictment, cannot prevail unless the objection to the indictment, stating specifically the defect claimed, be made before the trial has commenced or at such time thereafter as the court in its discretion may permit. Article 287 declares that a motion to quash an indictment, in order to be of any avail, must be filed, tried, and disposed of before the trial of the case on its merits. Before the adoption of the Code of Criminal Procedure, section 1064 of the Revised Statutes required that an objection to an indictment, for any formal defect apparent on the face thereof, should be urged by demurrer or motion to quash the indictment, before the jury should be sworn, and not afterwards. Even then, when the statute referred only to formal defects, apparent on the face of the indictment, it was held, in State v. Joe McGee, 36 La. Ann. 206, and again in State v. Mary Griffin, 38 La. Ann. 502, that an objection to an indictment, based upon the ground that a member of the grand jury that found the indictment was disqualified, should be urged before the trial, and could not be urged successfully in a motion for a new trial or motion in arrest of judgment.

In State v. Soileau, 173 La. 531, 138 So. 92, it was said that a grand jury composed of eleven qualified grand jurors and one Canadian, not a citizen of the United States, was not a legal grand jury, and that it was an abuse of the judge's discretion to refuse to allow a defendant to withdraw his plea of

not guilty in order to file a motion to quash the indictment found by the grand jury alleged to be composed of the eleven qualified members and the one not qualified. In that case, however, the motion to quash the indictment was tendered before the case came on for trial, and the complaint was not that one of the grand jurors had become disqualified after the organization of the grand jury, but that the grand jury was never composed of twelve qualified members.

 We are not called upon to decide in this case whether the motion to quash would have been filed in time, after the trial, if the complaint had been that the grand jury was never composed of twelve qualified members, or if the alleged nonresident member had taken part in the finding of the indictment against the defendants. It is not disputed in this case that the grand jury was originally composed of twelve qualified members. The complaint is merely that one of the members of the grand jury became disqualified by taking up a permanent residence in another state. It is true that the Code of Criminal Procedure (articles 172, 184 and 197) requires that the judge shall fill vacancies occurring in the membership of the grand jury, but a vacancy occurring by reason of a member's becoming a citizen or permanent resident of another state cannot be filled until it is ascertained that the absent member has become a citizen or permanent resident of the other state. The mere fact that one member of the grand jury is absent from the state is a matter of no importance, so long as nine qualified members, constituting a quorum, are present and participating in the finding of the indictment. State v. Causey, 43 La.

Ann. 897, 9 So. 900; State v. Pailet, 139 La. 697, 71 So. 951, Ann. Cas. 1918A, 102; State v. Birbiglia, 149 La. 4, 88 So. 533. In State v. Furco, 51 La. Ann. 1087, 25 So. 951, this court referred approvingly to the proposition that the disqualification of a grand juror, resulting from his departing permanently from the state, exists only from the time the disqualification becomes known to the court. Be that as it may, the question whether the absent grand juror in this instance was permanently or only temporarily residing in another state could not have been a matter of great importance to these defendants, in view of the fact that the absence itself, of the grand juror, did not make the indictment invalid.

The verdict and sentence are affirmed.

ODOM, J., concurs in the decree.