171 So. 437

STATE v. MORRIS.

No. 34133.

Nov. 30, 1936.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and A. B. Cavanaugh, Dist. Atty., of Leesville, for the State.

Wm. H. Ponder, of Many, for appellee.

HIGGINS, Justice.

The defendant was indicted for the crime of murder by the grand jury for the Parish of Sabine, on March 31, 1936. On the same day he was arraigned, without prejudice, and pleaded not guilty, and his case was fixed for trial on April 6, 1936. On that day his counsel filed a motion for a continuance, which was granted by the court. On September 22, 1936, his case was fixed for trial on September 30, 1936. On September 24, 1936, he filed a motion to withdraw his plea of not guilty and a motion to quash the indictment. The State objected to the filing of the motions on the ground that they came too late, citing article 284, Louisiana Code of Criminal Procedure, but the court overruled the objection and permitted defendant to file them. The motions were tried on September 28, 1936, and were sustained by the trial judge on September 30, 1936. Bills of exception were reserved on both points and incorporated in the motion for a new trial, which was denied.

The State appealed.

Bill of exception No. 1 was reserved by the State to the district judge's ruling in allowing the defendant to withdraw the plea of not guilty and file the motion to quash the indictment.

Article 265 of the Louisiana Code of Criminal Procedure reads as follows:

"The defendant may at any time, with the consent of the court, withdraw his plea of not guilty and then set up some other plea or demur or move to quash the indictment."

In interpreting this article, in the case of State v. Brooks, 173 La. 9, 136 So. 71, 72, this court said:

"It is clear, from the provisions of article 265, that a defendant, at any time after arraignment, may withdraw his plea of not guilty, with the consent of the court, and demur or move to quash the indictment."

The conclusion of the court is simply stated in the syllabus, as follows:

"Refusing accused permission to withdraw not guilty plea, and file motion to quash embezzlement indictment, praying that indictment be amended on trial day, two months after arraignment, held error (Code Cr.Proc. arts. 235, 236, 245, 265, 284.)"

In the case of State v. Soileau, 173 La. 531, 138 So. 92, 93, we reaffirmed the ruling in State v. Brooks, supra, and said:

"While defendant's application to withdraw his plea of not guilty in order to file the motion to quash the indictment was one addressed to the sound discretion of the court, we think the discretion vested in the trial judge by the codal articles should be exercised liberally in favor of life and liberty."

"Refusing permission to withdraw not guilty plea to move to quash murder indictment although discretionary, held erroneous, one grand juror being alien (Code Cr. Proc. arts. 265, 266)." Syllabus No. 1.

The record shows that the district court holds a criminal term in the spring and in the fall of each year. Defendant was indicted by the grand jury during the spring criminal term. The court adjourn-

ed on April 17, 1936, without trying the case, due to defendant's counsel's motion for a continuance, and thereafter counsel for the defendant was informed that one of the members of the grand jury was not a qualified juror. The court convened its fall criminal term on September 21, 1936, and on September 24, 1936, three days after the court convened and six days before the date set for the trial of the case, i. e., September 30, 1936, counsel for defendant filed the motions to withdraw the plea of not guilty and to quash the indictment. It therefore appears that the greatest part of the delay in filing the motions was due to the fact that court had adjourned its spring criminal term and did not convene until the fall. The motions were filed within three days after the court opened its fall criminal term, and we believe this was reasonably prompt action on the part of the accused. We are of the opinion that the trial judge properly exercised the discretion granted him by law in permitting the withdrawal of the plea of not guilty and the filing of the motion to quash the indictment.

The second bill of exception was reserved to the trial court's holding that, as one of the grand jurors did not possess the legal qualification as to residence, the indictment was illegal and quashed it.

■ Article 172 of the Louisiana Code of Criminal Procedure, after stating the other qualifications of grand and petit jurors, provides that the juror must be:

"A bona fide resident of the parish in and for which the court is holden, for one year next preceding such service."

The evidence shows that Ed. Wall, one of the grand jurors, moved his family from the parish of Sabine and established his residence in Natchitoches parish, on December 26, 1935. He was a resident of that parish at the time he served on the grand jury in the parish of Sabine in March, 1936. It was this grand jury that indicted the accused.

The fact that Mr. Wall returned to Sabine parish and served as an election commissioner at the elections held in January and in March, 1936, is immaterial, since it appears from his own letter that it was his intention to establish his residence in Natchitoches parish and not to continue his residence in Sabine parish. It clearly appears that he lacked the necessary bona fide residence to be a legally qualified grand juror.

■ Since the indictment against the accused was returned and presented by the grand jury, one of the members of which was not a bona fide resident of the parish of Sabine, where the district court convened to try the accused, the indictment must necessarily fall and the motion to quash was properly sustained by our learned brother below.

In the case of State v. Soileau, 173 La. 531, 138 So. 92, we said:

"There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. An indictment is a written accusation of a crime presented by a grand jury, and is the exclusive method prescribed for holding a person to answer for a capital offense. Const.1921, art. 1, § 9. But the grand jury which presents

the indictment must be legally constituted, which is not the case if one of its members is an alien. Section 1, Act No. 135 of 1898. And, since an indictment is the basis of the prosecution for murder, a person accused of the crime has a substantial interest in questioning the legality of the grand jury by which it is presented."

In the cases of State v. McClendon, 118 La. 792, 43 So. 417, and State v. Favrot, 118 La. 804, 43 So. 421, it was held that the participation in the finding of an indictment by an unqualified or incompetent member of the grand jury vitiates the indictment.

For the reasons assigned, the judgment appealed from is affirmed.