187 So. 7

## STATE v. SABA.

No. 35157.

Feb. 6, 1939.

Jim W. Richardson, of Bogalusa, and Osceola H. Carter, of Franklinton, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, First Asst. Atty. Gen., and Jas. T. Burns, Dist. Atty., of Covington, for the State.

ROGERS, Justice.

The defendant, Milton Saba, is appealing from his conviction and sentence for the offense of striking with a dangerous weapon with intent to kill. His complaint is that the indictment under which he was convicted and sentenced is a nullity because the names of the members composing the grand jury that returned the indictment were drawn from an open cigar box and not from the envelope in which they were originally contained. The complaint was raised in motions for a new trial to which is annexed a motion to quash and in arrest of judgment, which were overruled. Defendant excepted to the rulings.

It appears that the grand jury was drawn in the same manner as that used in Washington Parish for a number of years. The clerk of court produced, in open court, the jury box from which he took the envelope containing the names of the prospective jurors. This envelope was opened and the slips, on which the names of the grand jurors were written, were emptied into a cigar box, and the sheriff then drew the grand jury therefrom.

If defendant's objection had been urged seasonably and in proper form, before going to trial, it would have been fatal to the indictment. State v. Kifer, 186 La. 674, 173 So. 169, 110 A.L.R. 1017. But such an objection cannot be raised on a motion in arrest of judgment which lies only for a substantial defect patent upon the face of the record. Code Cr. Proc. art. 517; nor can such an objection be urged on a motion for a new trial or on a motion to quash filed after trial and verdict. Code Cr.Proc. art. 202.

It is the well settled law that an objection to irregularities in the drawing of grand jurors must be urged before pleading and trial, and comes too late after trial and verdict. An accused cannot plead to an indictment, take the chance of an acquittal in a trial thereon and, if convicted, urge an objection to the manner of drawing, or to the composition of the grand jury that returned the indictment. State v. Washington, 33 La.Ann. 896; State v. Jackson, 36 La. Ann. 96; see also Code Cr. Proc. arts. 253 and 287; State v. Tolett, 174 La. 553, 141 So. 57.

The defendant alleges in his applications for a new trial that the manner of drawing the grand jury was not known to him until after the verdict was rendered, and that neither he nor his counsel, who represented him during the trial of the case, was present in court when the illegal drawing of the grand jury took place. Defendant contends it was only after associate

counsel had been employed, which was after conviction and before sentence, that it was definitely learned the grand jury had been illegally drawn; that having noticed the illegal drawing of the grand jury on other occasions, associate counsel inquired of the minute clerk if the grand jury which returned the indictment against the defendant had been drawn from a cigar box, and the clerk stated that it had, and that this was the first time and the first information of any kind counsel or defendant had of the irregularity.

There was no allegation in the motion for a new trial that defendant or his counsel, by the exercise of due diligence, could not have discovered the irregularity in the drawing of the grand jury and seasonably tendered his objection thereto.

Defendant was indicted on October 5, 1938, and was arraigned on October 7, 1938. He was tried on November 10, 1938. The grand jury that returned the indictment against the defendant was drawn in open court in June, 1938.

If defendant or his counsel were not familiar with the manner in which grand juries were drawn—the record indicating the contrary—they could have ascertained that fact by merely making due inquiry of the clerk of court or the sheriff of the Parish. Defendant's counsel, in testifying on the motion for a new trial, admitted that he could have done so but that he did not. Defendant has not exercised any diligence whatever, nor has he disclosed a sufficient reason for his delay in tendering his objection to the organization of the grand

jury. The record shows that although he was not present when the grand jury was drawn, counsel for defendant had been present at the drawing of three or four other grand juries. Obviously therefore he was familiar with the procedure always followed in the drawing of grand juries. If defendant or his counsel considered the procedure illegal, they should have urged the illegality in limine.

The indictment contained the charge of the state against the defendant. It was the pleading by which he was notified of the fact and the nature of the charge. When the indictment was returned and the accusation made, defendant had the right either to challenge the legality of the grand jury and the sufficiency of the indictment or to put at issue the truth of the charge and to require judgment on the merits thereof. Defendant chose to waive the former and to exercise the latter right. Instead of questioning the legality of the grand jury or the validity of the indictment, defendant treated the grand jury as properly organized and the indictment as sufficient.

If the attention of the trial judge had been called to the defect in the organization of the grand jury at the proper time and in the proper manner, the matter could have been promptly remedied by the impaneling of a competent grand jury, or by the filing of a bill of information. Defendant pleaded to the indictment and went to trial on the merits of the charge without using due diligence to discover any defect in the organization of the grand jury and

without objecting to the manner in which it was drawn. Having done this, defendant waived his right to subsequently complain.

On the day the case was heard in this court, defendant filed a plea to the jurisdiction of the district court, based on defendant's claim that the indictment was null because it was returned by an illegally constituted grand jury. In support of his plea, defendant relies on State v. Kifer, 186 La. 674, 173 So. 169, 110 A.L.R. 1017.

Defendant's contention, that the statutory requirement as to the manner of drawing grand juries is jurisdictional, is not well founded. It is not disputed that the district court for the Parish of Washington had jurisdiction of both the person of the offender and the place where the offense was committed. The question of whether the grand jury returning the indictment was properly organized is a question which was necessarily cognizable by the district court for the Parish of Washington. The ruling of the trial judge thereon, even if it were erroneous, involves simply a question of error of law and is not sufficient to oust the court of jurisdiction of the offense.

In State v. Kifer, supra, the defendant, being charged with a capital crime, could only be prosecuted by an indictment returned by a grand jury, and the manner in which the grand jury was drawn was challenged by a motion to quash filed, asserted and overruled in limine. This court in that case held the requirement of Article 184 of the Code of Criminal Procedure that the names of the grand jurors be drawn from an envelope was mandatory, but not that it was jurisdictional. In other words, as Article 184 of the Code of Criminal Procedure requires the drawing of the names of grand jurors from an envelope, it was the purpose of the legislature that that method should be followed, not at the discretion of the officials in charge of the drawing, but as a duty imposed upon them by law. But this court did not intend to hold, and did not hold, that if the officials charged with the drawing of a grand jury failed to observe this provision of law, their failure to do so would oust the court of jurisdiction, or that an accused, who knows of or with due diligence could have discovered the irregularity, could not waive it by pleading to the merits of the indictment and going to trial thereon without objection.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., concurs in the decree.