FOURNET, Justice.
 

 Willie White was tried, convicted, and sentenced on an indictment for the murder of William P. Wales, and from his conviction and sentence to hang, he has appealed.
 

 The defendant, jointly with Edna Miller, alias Edna Hicks, was indicted on October 18, 1935, for the murder of William P. Wales on September 14, 1935. Defendant ■immediately fled the jurisdiction of the court and remained a fugitive from justice until apprehended’ on December 21, 1938. On February 9 following, he, together with Edna Hicks, was arraigned, both pleading not guilty, and the case was set for trial on March 2. Defendant, however, reserved the right to withdraw his plea of not guilty and file a motion to quash the indictment and such other motions as his counsel might deem advisable, which motion was granted by the trial judge.'
 

 Defendant' went to trial on the date previously assigned therefor, his co-defendant having been granted a severance, without first filing a motion to quash the indictment or any other pleadings. The trial lasted two days, during which not a single bill of exception was reserved, and he was found guilty as charged.
 

 Following his conviction, but before sentence, defendant filed a very lengthy motion and supplemental motion for a new trial, based'on the grounds (1) that because of an alleged systematic exclusion of persons belonging to his race or color (negro) from the general venire and grand jury that returned the indictment against
 
 *879
 
 him, he has been denied the due process and equal protection of the laws guaranteed to him by the constitutions of Louisiana and of the United States (Const.U.S. Amend. 14, U.S.C.A.; Const.La.1921, Art. 1, sec. 2), and (2) that certain errors prejudicial to the accused were committed during the trial of the case, primarily in connection with an alleged attack upon his (defendant’s) counsel.
 

 The appeal is based on five bills of exception reserved during the trial of the motion for a new trial, none having been reserved during the trial of the case.
 

 The trial judge disposed of these issues in his per curiam to defendant’s Bill of Exception No. 1 (which bill incorporates verbatim the allegations contained in the motion for a new trial), as follows:
 

 “As to the first proposition presented by said motions, the accused having failed to avail himself of the right to file a motion to -quash the indictment or quash the jury venire and/or the Grand Jury panel, and having elected to go to trial without complaint, waived the right to set up any objections to the proceedings of the jury commission, or to the drawings, organization, or qualifications of the jury venire or Grand Jury panel for the first time after verdict.
 

 * * *
 

 “As to the second proposition raised by the motion for a new trial that certain errors were committed during the trial to the prejudice of the accused, no bills of exceptions whatsoever were reserved by counsel for the accused to any ruling of the court on the admissibility of evidence, the charge of the Court, or the argument or conduct of counsel for the State. As a matter of fact, the Court consistently sustained any and all objections which counsel urged during the trial. The Court gave its charge in writing, a copy of which is attached, as requested by defense counsel. At the close of the charge, counsel for the accused requested the Court to read to the jury Article 387 of the Code of Criminal Procedure, which the Court did, making no comment thereon. No bill was reserved to the charge of the Court or to the act of the Court in doing
 
 what counsel himself requested to be
 
 done, that is, in reading Article 387 of the Code of Criminal Procedure. Not a single bill of exception was reserved by defendant counsel to anything at any time during the trial. In the absence of a bill of exception properly reserved, counsel cannot be heard to complain of any errors, not patent on the face of the record, after verdict.”
 

 Statutory laws and a long list of decisions of this state, of the United States, and of other states, were cited by the trial judge in support of his ruling.
 

 The remaining bills of exception that grew out of the trial of defendant’s motion for a new trial in connection with the alleged unwarranted attack upon defendant’s counsel during the trial of the case are merely repetitions of the subject matter contained in the motion for a new trial and Bill of Exception No. 1, which we have-just disposed of. They present nothing new for our consideration.
 

 
 *881
 
 We think that the trial judge’s appreciation of the matter is well expressed in the following excerpts from his per curiams. He was of the opinion that:
 

 «h< h= * n0 evidence offered in support of the allegations of the motion for a new trial should be heard.
 
 However,
 
 * * He
 
 ouf 0† an abundance of precaution and a spirit of extreme fairness
 
 [Tte]
 
 heard counsel for accused with reference to any prejudice he might have sustained by virtue of certain evidence that crept into the record with reference to his former employment as assistant District attorney.
 
 He h= H= (Italics and brackets ours.)
 

 He He He
 

 “There was nothing in the testimony-taken in connection with the application for a new trial to show that any prejudice resulted to counsel or the accused in connection with certain alleged testimony as to counsel’s connection with the district attorney’s office at the time of the commission of the alleged crime or at the time of the coroner’s inquest. As a matter of fact, the testimony of counsel’s own witness, Honorable John Fred Odom, former District attorney, completely absolved defense counsel of any impropriety in representing the accused. Counsel for the State did not at any time make any comment thereon in their arguments. There was nothing in defendant’s counsel’s conduct of the case that indicated that his client suffered as a result of the alleged necessity to defend himself. As no attack was made upon him personally or professionally, there was no occasion for him to defend himself.' His conduct was not made an issue in the case, nor was anything said or done that prejudiced him in any manner in the conduct of this trial. * *
 

 But counsel for defendant contends that defendant’s conviction and sentence should be reversed for the reasons, as stated in his brief, that (1) under the recent decision of the Supreme Court of the United States in the case of Pierre v. Louisiana, 1939, 306 U.S. 354, 59 S.Ct. 536, 83 L.Ed. 757, “ * * * the mere fact that negroes are not selected for grand jury service, constitutes "discrimination against negroes on account of race or color * * *» anc[ that his failure to file motions to quash the indictment cannot be treated as a waiver of his constitutional rights, inasmuch as the time allotted by the trial judge for the filing of such motions had expired when the Pierre case was handed down; and (2) that even though no motions to quash the indictment were filed and no bills of exception were reserved during the trial of the case, these errors are merely procedural, while the errors complained of here are sufficiently serious and prejudicial under our jurisprudence to warrant a reversal.
 

 It is expressly provided by the Code of Criminal Procedure, in prescribing the qualifications- of a grand or petit juror, that “ * * *
 
 there shall be no distinction made on account of race, color or previous condition of servitude
 
 * * Article 172. (Italics ours.) State v. Turner, 133 La. 155, 63 So. 169; State v. Gill, 186 La. 339, 172 So. 412. But the accused who claims that he has been deprived of his rights because of the failure of the
 
 *883
 
 jury commission to follow this mandate of the law must raise the question properly and timely, that is, in a motion to quash the indictment or to set aside the jury panel before going to trial, otherwise he waives his right to do so. All such matters cannot be raised for the first time after conviction in a motion for a new trial. Articles 202, 253, 284, 286, and 287 of the Code of Criminal Procedure; 1 Marr’s Criminal Jurisprudence 425, page 648; State v. Thompson, 28 La.Ann. 187; State v. Saba, 191 La. 1009, 187 So. 7. See, also, State v. Washington, 33 La.Ann. 896; State v. Jackson, 36 La.Ann. 96; State v. Tolett, 174 La. 553, 141 So. 57; United States v. Gale, 109 U.S. 65, 3 S.Ct. 1, 27 L.Ed. 857; Hicks v. State of Arkansas, 143 Ark. 158, 220 S.W. 308; Washington v. State of Florida, 95 Fla. 289, 116 So. 470, writ refused by the United States Supreme Court, 278 U.S. 599, 49 S.Ct. 8, 73 L.Ed. 598.
 

 The United States Supreme Court in the case of United States v. Gale, supra, held that [109 U.S. 65, 3 S.Ct. 2, 27 L.Ed. 857] “ * * *
 
 by pleading not guilty to the indictment and going to trial without making any objection to the mode of selecting the grand jury, such objection was waived.”
 
 (Italics ours.)
 

 The identical question raised in the instant case was raised and answered by the Supreme Court of Arkansas in the case of Hicks v. State of Arkansas, supra (which decision was affirmed by the United States Supreme Court without comment, 254 U. S. 630, 41 S.Ct. 7, 65 L.Ed. 447), as follows [143 Ark. 158, 220 S.W. 309]:
 

 “It
 
 is insisted as ground for reversal in each case that appellants, who are all men of colpr, were discriminated against on that account, and that no colored man sat, or was summoned to serve, upon either the grand jury which returned the indictments or upon the petit juries which tried the cases, and that no colored man had served on any jury in Phillips county — where the trials occurred — for many years.
 
 This assignment of error is answered by saying that the question was first raised in the motion for a new trial, and it, therefore, comes too late to be now considered.”
 
 (Italics ours.)
 

 An analysis of the Pierre case conclusively shows that counsel is mistaken about the holding in that case. The defendant in the Pierre case, conforming to the well established law of procedure, properly and timely moved to quash the indictment and the general venire from which had been drawn the grand jury that returned the indictment against him and the petit jury drawn for the week of his trial, and the United States Supreme Court'based its decision on the fact that the. evidence in the record supported the motion to quash the indictment. He is equally mistaken about the time limit for the filing of a motion to quash the indictment, because, under the express provisions of the Code of Criminal Procedure, a motion to quash the indictment may be made at any time before the trial of the case. Articles 202 and 253; State v. Thomas, 141 La. 560, 75 So. 241; 1 Marr’s Criminal Jurisprudence, 425, page 648.
 

 Counsel concedes the constitutionality of the law providing for the selec
 
 *885
 
 tion of juries and under this law an accused is not entitled of right to be indicted or tried by a jury composed of any particular type or class of persons, either of negroes, of whites, or of a mixture of both. The composition of a jury is a matter that can be waived and the accused evidently did this in the instant case, since the record does not disclose that his counsel, before the trial of the case, either filed or requested the court’s permission to file motions of any kind.
 

 A grand jury is presumed 'to be legally constituted and to possess the qualifications prescribed by law. 1 Marr’s Criminal Jurisprudence 428, page 652; State v. Gonsoulin, 38 La.Ann. 459; State v. Guillory, 44 La.Ann. 317, 10 So. 761. It was counsel’s duty, therefore, if he knew or had reason to believe the contrary to be true, to request of the judge permission to file the necessary motions to cure the defects complained of in the organization of the jury and to reserve bills of exception in the event such permission was not granted.
 

 The record reveals that defendant was represented by able counsel who has had nearly twenty years experience at the bar. He was, for a period of four years, deputy clerk of court, minute clerk of court, and court reporter. He was, for a period of seven years, Assistant District Attorney for the Parish of East Baton Rouge, and has, since officially severing his connection with the District Attorney’s office, maintained his law office there. He admits his familiarity with the law in general and the procedure in East Baton Rouge Parish in the selection of jury venires and the impanelling of grand juries. He stated that he has tried hundreds of criminal cases. It cannot be said, therefore, that defendant was not represented by able counsel, well versed in the law, as well as the procedure, in the jurisdiction where defendant was indicted, tried, and convicted. It is our opinion that when defendant went to trial without first filing a motion to quash the indictment for the reasons urged here, he waived his right to do so and cannot, for the first time, after trial and conviction, in a motion for a new trial, urge them. To hold otherwise would give an accused the advantage of another trial in the event of his conviction, in that he could urge, as was done here, the invalidity of the indictment upon which he was convicted after conviction, instead of before going to trial as provided for by law. On the other hand, if the accused had been acquitted and later had been reindicted by a grand jury selected as defendant is contending for now, he certainly could successfully plead former jeopardy.
 

 Finally, counsel argues most seriously that the errors complained of are so gross and prejudicial to the accused that this court is warranted in reversing his conviction and sentence, despite the fact that no motions to quash were made and no bills of exception were reserved, and cites, in support of his argument, the following cases: Fisher v. State of Mississippi, 145 Miss. 116, 110 So. 361; People v. Winchester, 352 Ill. 237, 185 N.E. 580; State v. Griffin, 129 S.C. 200, 124 S.E. 81, 35 A.L.R. 1227; Williams v. United States, 10 Cir., 66 F.2d 868; Commonwealth v. Belenski,
 
 *887
 
 276 Mass. 35, 176 N.E. 501; O’Steen v. State of Florida, 92 Fla. 1062, 1063, 111 So. 725; People v. Brott, 163 Mich. 150, 128 N.W. 236; People v. Bartley, 12 Cal. App. 773, 108 P. 868; Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Hebert v. State of Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102; State v. Iverson, 136 La. 982, 68 So. 98; State v. Rini, 151 La. 163, 91 So. 664; State v. Wilson, 169 La. 684, 125 So. 854; State v. Eubanks, 179 La. 92, 153 So. 31.
 

 A review of the jurisprudence and the several cases cited by counsel shows that the general rule is that the court, in reviewing criminal cases, will 'consider only such matters as are presented and objected to on the trial of the case.
 
 “An exception to this rule is made, however, in some states in capital cases, and cm improper instruction may be reviewed if it appears to have prejudiced the accused, although no exception was taken.”
 
 12 Cyc. p. 820. (Italics ours.) See, also, 1 Marr’s Criminal Jurisprudence 345, páge 509.
 

 In the case of People v. Brott, 163 Mich. 150, 128 N.W. 236, 237, supra, the court of Michigan pointed out that: “It will be seen that the general rule is recognized, and so far as the adjudication goes the exception is limited to capital cases, ‘in which
 
 the court can see that a fair trial has not been had and it is made manifest that injustice has been done’ *
 
 * (Italics theirs.)
 

 In the course of the opinion the court made the following pertinent comment: “The defendant is relying upon a technical claim which we feel fully justified in disregarding, in view of the manifest justice of the verdict. We adhere to the general rule- that questions will not be reviewed unless raised in the court below, and brought here in accordance with the general practice, for to hold otherwise would enable defendants to raise most any question without exception. There is much good sense in the
 
 strictest
 
 rule upon this subject, and certainly to extend it beyond the exception mentioned, as intimated in People v. Farrell, 146 Mich. [264] 291, 109 N.W. 440, where advantage was sought upon technical grounds, would be to put a premium upon a practice of treating a point as inconsequential, or conceded, and thereafter asking a reversal, upon the ground that it has been overlooked, thus allowing a defendant to have an ‘anchor to windward’ in case he shall fail of acquittal on the merits. If it be admitted that this court has this power, and on occasion will exercise it, in a capital and even in other cases,
 
 it should be done only when the record clearly shows that a manifest injustice has been done; but this should be held as in the nature of an act of grace, wherein the noncompliance of counsel with the rules of practice is overlooked, rather than a recognition of a defendant’s right to disregard the rules and practice usually required
 
 to assure justice to the state in the prosecution of offenders. See People v. Graney, 91 Mich. 646, 52 N.W. 66. Being satisfied that substantial justice has been done in this case, we must decline to reverse it upon this technical ground * * (Italics ours.)
 

 
 *889
 
 The record in the instant case not only fails to show that a manifest injustice has been done the accused, but, on the contrary, the record is most convincing that the defendant was ably assisted by counsel and received a fair and impartial trial before a most considerate judge. This is clearly borne out by counsel’s own admission on the trial of the motion for a new trial that the reason he took no bills of exception during the trial of the case was because “the Court constantly ruled with me (him).”
 

 We therefore conclude that the alleged errors complained of by defendant are without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.