On Application for Rehearing.
 

 PER CURIAM.
 

 If we were to construe the provisions of Article 202 of the Code of Criminal Procedure as the learned and able attorneys for the, defendant contend that we should and as the dissenting opinion maintains is the correct interpretation, the Article would be either completely and absolutely ineffective or unconstitutional. If the motion to quash must be filed within the three judicial days after the Grand Jury is drawn, it would be impossible for the Grand Jury to be impaneled and sworn and to function by hearing the testimony and considering the evidence produced before it by the district attorney and thereafter, in open court, return an indictment against an accused and cause his arrest and appearance in the court before which he is to plead. If the indictment could not be returned within three judicial days after the Grand Jury is drawn, it is likewise impossible for the trial of the case to begin sooner, as provided for in the second part of the Article. Obviously, under the construction requiring the filing of the motion to quash within three judicial days after the Grand Jury is drawn, the defendant would not be afforded an opportunity, through proper pleadings, to challenge the legality of the drawing and selecting of the jury, the array or venire. Therefore, this Court, by giving Article 202 such construction would unquestionably make its provisions unconstitutional under our State and Federal Constitutions because of a denial of due process of law.
 

 While the constitutionality of Article 202 of the Code of Criminal Procedure is not attacked in this case, it is clear that its provisions apply to all persons'* charged with crime regardless of color, race, or previous condition of servitude and, therefore, it does not conflict with the provisions of the articles of the State and Federal Constitutions guaranteeing persons the equal protection of the law. Neither does the construction which we have placed upon its provisions in the majority opinion deny to any person charged with violating a criminal law, the .equal protection of the law because of race, color, or previous condition of servitude. The interpretation which we have placed upon the statute is in keeping with our previous holdings, in cases where persons of the white race were tried for criminal offenses and failed to comply with the provisions of Article 202 of the Code of Criminal Procedure in attacking the legality of the drawing and selecting of the Grand Jury, that the plea came too late and would not be considered.
 

 In our original opinion, we pointed out that the defendant had forty-two days with
 
 *77
 
 in which to file his motion to quash, which consisted of two typewritten pages and could be prepared in a very short period of time. The defendant, therefore, had more than sufficient time within which to comply with the provisions of this Article, but failed to do so. The mere fact that he happened to be a person of color' does not exempt him from the rule of law therein set forth.
 

 In the case of State v. Jerome Wilson, 181 La. 61, 158 So. 621, the accused, a negro, was indicted for the murder of a white man, a deputy sheriff, who had attempted to arrest him. The' jury found the defendant guilty as charged and sentenced him to death by hanging. The author of the majority opinion in this, the Anthony Wilson, case was also the organ of the Court in the Jerome Wilson case and wrote the judgment setting aside the verdict of the jury and the sentence of the court on the ground that.the court erroneously refused the defendant a continuance when his counsel protested he did not have a reasonable opportunity to prepare his defense in a capital case begun six days after his arraignment, and during which time the accused changed counsel, who had only three days to prepare his trial and employed additional counsel who had less than two days for the preparation thereof. The authorities cited therein show that this Court has uniformly held that a period- of five days is sufficient time within which to prepare for trial on the merits in a capital case unless there are unusual or extraordinary circumstances.
 

 Since a period of five days is held to be a reasonable length of time within which to prepare the defense on the merits in a capital case, surely a period of forty-two days is more than sufficient time within which to file only a motion to quash the indictment for defects in the drawing and selecting of the Grand Jury, the venire or panel, especially when the motion to quash only consisted of two typewritten pages of matter and could have been prepared in a short interval of time. No reason or cause is assigned for failure of defendant’s counsel to file the motion to quash timely or sooner.
 

 The reason why this Court in the case of State v. White, 193 La. 775, 192 So. 345, did not discuss the question of whether or not the “three judicial days” mentioned in Article 202 are the first three days after the Grand Jury is drawn or the three days following the expiration of the Grand Jury term — was because the accused did not file a motion to quash until after he was tried and convicted. Under all of the Articles of the Code of Criminal Procedure cited by the Court in the opinion, the motion came too late. Since the motion to quash was filed there at the time the motion for a new trial was presented, or after conviction, no useful purpose would have been seryed in interpreting the provisions of Article 202 with reference to judicial days when, clearly and unquestionably, the mption to quash was not timely filed.
 

 The application for a rehearing is denied.
 

 O’NIELL/C. J., adheres to his dissenting opinion.